[No. 9705. In Bank.—November 12, 1885.]

# IN THE MATTER OF THE ESTATE OF ROBERT B. SWAIN, DECEASED.

$\frac{67}{81}\frac{637}{56}$
$\frac{67}{86}\frac{637}{350}$

$\frac{67}{88}\frac{637}{43}$
$\frac{67}{96}\frac{637}{472}$
$\frac{67}{112}\frac{637}{80}$
$\frac{67}{121}\frac{637}{639}$
$\frac{67}{133}\frac{637}{406}$

ESTATE OF DECEASED PERSON—PRESENTATION OF CLAIMS NOT DUE.—All claims against the estate of a deceased person, whether due or not, stand upon the same footing as to the time of presenting the same for allowance.

ID.—DEFECTIVE VERIFICATION.—The allowance of certain claims defectively verified sustained in a subsequent contest by the heirs.

ID.—ACCOUNT STATED.—A balance struck upon an account may be presented as a claim against an estate without specifying the items or particulars of the account.

ID.—ALLOWANCE—BURDEN OF PROOF.—Where claims have been allowed as presented, the presumption is that they were allowed upon vouchers and proofs satisfactory to the administrator and the court, and although the heirs may contest the allowance, the burden of proof is cast upon them.

APPEAL from an order and decree of the Superior Court of the city and county of San Francisco settling and allowing the final account of an administrator, and directing the payment of certain claims.

The facts are stated in the opinion of the court.

*W. C. Burnett*, and *R. W. Hent*, for Appellant.

*Cobb & Moore, Winans & Belknap, Edward J. Pringle, Henry C. McPike, Clement, Osment & Clement, George A. Nourse,* and *M. B. Blake,* for Respondents.

McKEE, J.—In this proceeding the Superior Court of the city and county of San Francisco, sitting as a court of probate, upon the settlement of the final account of the administrator of the estate of R. B. Swain, deceased, decreed the allowance and partial payment of certain claims against the estate, which having been allowed by the administrator and approved by the

probate judge, were duly filed. The claims thus allowed and ordered paid amounted to $60,000. Three of them were contested at the final settlement. The first of these claims is as follows:—

1. "Estate of R. B. Swain, deceased, 1871, to John Boardman, Dr.:—

| | |
|---|---:|
| April 8th—To balance of account as rendered this date................................................................$4,498 32 | |
| November 6th—To cash received this date as per account......................................................... 2,104 66 | |
| February 17, 1883—To interest on $4,498.32 from April 8, 1871, to June 14, 1872, at 1¼ per cent per month................................................. 811 57 | |
| February 17th—To interest on $2,104.66, from November, 1871, to June 14, 1872, at 1¼ per cent per month................................................. 192 92 | |

$7,607 47 "

The second:—

2. "The estate of R. B. Swain, deceased. To Cartwright, Harrison & Co., Dr.:—

For balance of account due this day as per statement hereunto annexed.......................................$6,751 79

R. B. Swain, Esq., in account current and interest to December 31, 1871, with Cartwright, Harrison & Co., 1871:—

January 1st—To balance of account rendered.........$6,310 16

December 30th—Interest to 31st inst.........$441 71

Less your portion of balance of interest account 29 at 28 per cent.................. 08—441 63

E. E..................................................................$6,751 79

"New York, January 2, 1872."

3. And the third was a claim in favor of Mudge, Sawyer & Co., based upon fourteen promissory notes, each of which was dated 17th of May, 1869, and made payable at New York to the order of R. B. Swain—the first being payable on the 1st of December, 1872, and each of the others, six months after its preceding note became due—the last being payable on the 1st of June, 1879.

The claims were presented to the administrator in 1873, within due time after the publication of notice to creditors of the estate. Publication was made as required by section 1490 of the Code of Civil Procedure, by the administrator in the year 1872.

At that time every holder of a claim against the estate of a decedent was required by law to exhibit the same, verified by affidavit, to the administrator within legal time after publication of notice to creditors for that purpose. The law required that the affidavit upon which to make presentation of the claim must be made "by the claimant himself, or some one in his behalf." If made by a person other than the claimant, it was required of him to set forth in the affidavit the reason why the affidavit was not made by the claimant, and to state "that the amount of the claim was justly due; that no payments had been made thereon which were not credited, and that there were no offsets to the same to the knowledge of the claimants or affiant."

None of the claimants verified the contested claims by their affidavits. Each affidavit was made by persons other than the claimants, who describe themselves as "agents and attorneys of the claimants." The affidavit to the claim of Mudge, Sawyer & Co., substantially conforms to the law under which it was made. But thirteen of the promissory notes upon which the claim is founded, were not due at the time of the presentation of the claim to the administrator, and it is contended that the claim was non-presentable, and that the administrator had no authority to allow it.

At that time the law was as it is now, that when a person died intestate all his property, real and personal, without any distinction between them, was chargeable with the payment of his debts (§ 1358, Civ. Code; § 1516, Code Civ. Proc.); and it was made the duty of his administrator to ascertain the amount of claims outstanding against the estate for which it might be liable, so as to provide for their payment out of the assets of the estate. For that purpose the law required that *all claims* against the decedent, due or not due, should be made known to the administrator by exhibiting them to him verified by the necessary affidavit so that he could pass upon their genuineness and validity by allowance or rejection. Upon ascertaining in that way the amount of the liability of the estate the law then cast upon the

administrator the duty to report the condition of the estate,
"designating the names of the creditors, the nature of each claim,
when it became due, or *when it will become due*, and whether it
has been allowed or rejected." (§ 1512, Code Civ. Proc.)

If the claim was allowed and approved, the allowance *prima
facie*, established its validity against the estate. If it was due
and rejected, the claimant was required to establish its validity
by suit upon it within three months after rejection, or *if it was
not due*, then within two months *after it became due* (§ 1498,
Code Civ. Proc.); and if its validity was established by recovery
thereon, the judgment entitled the claimant to rank as a creditor
of the estate and to payment in due course of administration, or
if the administrator allowed the claim although not due, it
entitled the claimant to rank in the same way, and upon deduct-
ing a rebate of interest upon the claim, entitled him to payment
of the principal sum, or to share in a distribution of the estate
*pari passu* with creditors whose allowed claims were due.
(§ 1648, Code Civ. Proc.)

From these provisions of the Code law, as it was at the time
of the presentation of these claims, it is manifest, that *all* claims
against a decedent's estate, whether due or not due, could be
presented to the administrator within legal time after publica-
tion of notice to creditors; and if they were not so presented the
law declared them "forever barred." We are, therefore, of
opinion that although the promissory notes were not due when
the claim based upon them was presented to the administrator
of the estate in question, it was under the law presentable and
allowable as a valid claim against the estate. No interest upon
it was demanded, and upon the settlement of the administrator's
final account it was properly adjudged to be a valid claim for
the principal of the notes.

The next contention is, that the statement of each of the other
claims is insufficient to constitute a cause of action, or of claim,
against the estate; that the statement of each is also ambiguous
and unintelligible, and that the claims themselves were not
authenticated according to law.

The affidavits verifying these claims were irregular. Each
was made by a person other than the claimant, styling himself
as "agent and attorney of the claimant." In one, no reason is

stated why the affidavit was not made by the claimant. In neither does the affiant state that there were no payments or offsets to the claim, except what is credited *to his own knowledge;* although it is stated that there were no payments or offsets against the claims to the knowledge of the claimants. These omissions made the verifications of the claims defective.

And the statement of each claim is not free from ambiguity. Each is founded upon an alleged balance due on an account current, in which interest, at a higher rate than is legally allowable in matters of account, is computed on the debit and credit sides of the account, according to some commercial rule of computation which does not appear in the statement.

But although neither of the claims was verified in all particulars as required by law, and the statement of each is not as clear as it might have been, we think each was substantially sufficient for presentation and allowance under the law.

The term "claim," as used in connection with the estates of deceased persons, has reference, says Mr. Justice Field, in *Fallon* v. *Butler,* 21 Cal. 25, to such debts or demands against the decedent as might have been enforced against him in his lifetime by personal actions for the recovery of money, and upon which a money judgment could have been rendered.

A balance struck upon an account between parties is such a demand as would constitute a sufficient cause of action. A suit, brought upon such a cause of action against Swain in his lifetime would, therefore, have been maintainable, and the statement of such a cause of action in the complaint would have been sufficient to support a judgment against him. Being sufficient for the maintenance of an action against the decedent in his lifetime, it would also be sufficient after his death, for the presentation of it to his administrator, if properly verified, as a claim against his estate.

As the subject of a suit, if the statement of the cause of action upon the account was deemed objectionable, defective, or insufficient, the defendant in the action would have had the right to demand a bill of particulars of the items of the account which were to be proved. And as the subject-matter of a claim presented to his administrator, he also had the right to demand

a bill of particulars or "vouchers and proofs" of the account. (§ 1494, Code Civ. Proc.)

Both claims were allowed and approved as presented, and the presumption is that they were allowed upon "vouchers and proofs" to the satisfaction of the administrator and the probate judge, as to the principal and interest due on the accounts. Interest is recoverable upon a balance of indebtedness founded on money transactions, or upon an account between parties from the time the amount is ascertained by them. In the absence of an agreement in writing to pay more than lawful interest, the legal rate only ought to be allowed; but there may have been proof of an agreement in writing to pay the higher rate charged on one side of the account and credited on the other side.

In law the allowance of the claims, although made upon defective verifications, was not void. It was a judicial act, which entitled the claims to rank as acknowledged debts of the estate to be paid in due course of administration; but as a judicial act in their favor it was not binding and conclusive against the heirs, because they were not parties to it. They had therefore the right to question the allowance at the settlement of the estate. The burden of showing the invalidity of the allowance was, however, cast upon them. (*Estate of Loshe*, 62 Cal. 413; *Estate of Crosby*, 55 Cal. 579; *Estate of Schroeder*, 46 Cal. 318.)

The heirs in this case did question the allowance and approval of the claims. But in the contest which was made the claimants, by affirmative proof, established the validity of the claims, and the court upon that hearing adjudged them to be valid. There was no exception taken to the evidence given in the contest; nor is there any specification in the record of any particular in which the evidence was insufficient to justify the decision and judgment of the court, nor is there any specification of errors in law, occurring at the trial, to which exceptions were taken by the contestants.

The evidence is therefore not reviewable; and as we find no errors of law apparent upon the record, the judgment and order appealed from must be affirmed.

It is so ordered.

MORRISON, C. J., ROSS, J., MYRICK, J., and MCKINSTRY, J., concurred.