[No. 12028.   Department One. — October 4, 1889.]

ROBERT T. DUNCAN, Respondent, v. SUE L. THOMAS, Administratrix, etc., of T. R. THOMAS Deceased, Appellant.

Estate of Decedent — Presentation of Claim — Sufficiency of Form. — A claim against the estate of a deceased person for services rendered which is presented in the form of an account showing the total number of days of service, the rate of payment per day, the amount paid on account, and the balance due, is sufficient in form.

Payment — Application of, where there are Several Obligations. — In a case of several obligations, where neither the debtor nor creditor has made any express application of a fund paid to any particular obligation, the law applies the payment to the extinguishment of the obligation earliest in date of maturity.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*T. H. Laine*, for Appellant.

*William B. Hardy*, for Respondent.

Fox, J. — Action for balance due for work and labor. Claim duly presented to administratrix, and rejected; action brought thereon, issue joined, judgment for plaintiff, motion for new trial denied, and defendant appeals.

The first point made by appellant is, that the claim as presented to the administratrix was unintelligible and insufficient. The claim was sufficient in form, under the rule prescribed in *Fallon* v. *Butler*, 21 Cal. 25; 81 Am. Dec. 140; and *Estate of Swain*, 67 Cal. 641. And the complaint stated facts sufficient to constitute a cause of action, from which it follows that it was not error to overrule defendant's objection to the introduction of evidence in support of it.

The facts, as shown by the claim presented, the complaint, and the findings (which are fully supported by

the evidence), are, briefly stated, as follows: Decedent was the owner of a grain warehouse at the town of Gilroy; plaintiff was employed by him as foreman of such warehouse, and rendered service as such on such days as service was required during every month, from January, 1881, to June, 1885, both inclusive, the service in the different months varying from six days to twenty-seven days. He kept a tally of the service by the day, and charged for it at the rate of two dollars per day, which was the minimum of value proved at the trial. No settlement seems ever to have been had, but decedent made payments from time to time on account of such service, and shortly before his death stated to his banker that he was indebted to plaintiff, and was looking over his account to see if he had a balance sufficient to pay him up. The account, as stated to the administratrix, and as sued upon, gave the number of days' service in each month, the total number in each year, and the grand total for all the years and months, being 951 days, at $2 per day, $1,902. It also credited the amount of money received on account thereof in each year, to wit, 1881, $380; 1882, $200; 1883, $200; 1884, $250; 1885, $100; total, $1,130, and leaving a balance of $772.

There was no conflict of evidence as to the number of days' service, or when it was rendered, or as to its value; and the amount of credits to which the estate was entitled was accepted as being correctly stated in the claim as presented.

Defendant pleads payment and the statute of limitations, and under these pleas insists that the payments of each year must be applied to the service of the corresponding year, and that when they are so applied, whatever balance there was on account of service rendered prior to July, 1883 (decedent having died July 3, 1885), is barred by the statute of limitations, and that this will show that all the service rendered since that time has been fully paid for, or nearly so. We know of no law,

and we are cited to none, which will support such a contention. On the contrary, in a case like this of several obligations, where neither party has made any express application of the fund paid to any particular obligation, the law itself applies each payment to the extinguishment of the obligation earliest in date of maturity. (Civ. Code, sec. 1479.) So applied, no part of this claim is barred by the statute of limitations. The court found in favor of the plaintiff for the full amount of his claim, —$772,—and the evidence sustains the findings.

Judgment and order affirmed.

PATERSON, J., and WORKS, J., concurred.