[No. 13348. In Bank. — November 7, 1890.]

GEORGE C. PERKINS ET AL., RESPONDENTS, v. S. B. ONYETT, EXECUTOR, ETC., ET AL., APPELLANTS.

MORTGAGE — FORECLOSURE — HUSBAND AND WIFE — COMMUNITY PROPERTY — ESTATES OF DECEDENTS — PRESENTATION OF CLAIMS. — A mortgage of a homestead on community property, executed by husband and wife, must be presented to the executor of the deceased husband before an action can be brought for its foreclosure; and a judgment of foreclosure without such presentation is erroneous, even if all recourse against other property had been waived in the complaint, and a presentation of the mortgage note without a presentation of the mortgage is insufficient.

ID. — REJECTED CLAIM — PRESENTATION — SUBSTANTIAL COMPLIANCE WITH LAW — ACTION UPON MORTGAGE NOTE. — A person seeking judgment against the estate of a decedent upon a rejected claim must show at least a substantial compliance with each requirement of the statute on the subject of the presentation of claims; and where the holders of a mortgage note, in presenting it as a claim against the estate of a deceased mortgagor, make no attempt at complying with the provisions of the statute relating to the affidavit, by which a claim against the estate of a decedent must be supported, they cannot maintain an action against the estate upon the mortgage note.

ID. — AFFIDAVIT BY AGENT OF CLAIMANT — DEFECTIVE PRESENTATION. — Where the affidavit in support of a mortgage note which was presented to the executor of a deceased mortgagor and rejected as a claim against his estate was made by an agent of the claimant, and failed to set forth the reason why it was not made by the claimant, and stated that there

were no offsets, "to the knowledge of the claimant," instead of "to the knowledge of affiant," as required by the statute, the presentation is fatally defective, and will not support an action or judgment upon the note.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion of the court.

*John Gale*, and *W. C. Belcher*, for Appellants.

*Gray & Sexton*, and *Myrick & Deering*, for Respondents.

Per CURIAM. — This action was brought upon a promissory note made in his lifetime by John Onyett, deceased, and upon a mortgage to secure it, executed by said John and his wife, Amy Onyett, on premises which constituted their homestead, the homestead being on community property. The defendants are S. B. Onyett, executor of the estate of said John, deceased, the said Amy, his widow, and Jenkin Morgan, who claims an interest in the mortgaged premises. The answer of the executor and said Amy sets up several defenses, such as payment, the statute of limitations, etc., and denies that there was ever any legal presentation of either the note or the mortgage to the executor within the time prescribed by law. The trial court gave judgment for plaintiffs upon both the note and mortgage, and the executor and said Amy appeal from the judgment, upon the judgment roll, with several bills of exceptions. The court finds, among other things, that the only presentation of plaintiff's claim that was made to the executor within the time prescribed by law was a presentation of the note alone, without any reference whatever to the mortgage, and that the only affidavit by which said claim was supported was as follows: "Milton J. Green, agent for Perkins & Co., whose foregoing claim is herewith presented to the executor of the estate of said deceased, being duly sworn, says that the amount thereof, to wit, the sum of six

thousand five hundred and fifty dollars, and interest, is justly due to claimant; that no payments have been made thereon which are not credited; and that there are no offsets to the same, to the knowledge of said claimant." This was signed by Green, and sworn to before a notary public, and was properly certified. As there was no presentation of the mortgage, that part of the judgment which forecloses it is clearly erroneous. Even if all recourse against other property had been waived in the complaint (which was not done), still the judgment could not be maintained, because a mortgage of a homestead on community property must be presented. (Code Civ. Proc., sec. 1475; *Camp* v. *Grider*, 62 Cal. 20; *Bollinger* v. *Manning*, 79 Cal. 7.)

It is contended, however, that the mortgage, having been defeated through failure to present it, might be considered as valueless, and that therefore an action under a properly amended complaint might be maintained against the estate upon the note alone. But it is useless to consider that question, because the presentation of the note itself was fatally defective. Section 1494 of the Code of Civil Procedure, after providing that every claim presented to the executor or administrator " must be supported by the affidavit of the claimant, or some one in his behalf," further provides that " when the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant." No attempt to comply with this last requirement in presenting the note in the case at bar was made. (See affidavit of Green, above quoted.) The section also provides that the affidavit must state that there are no credits, offsets, etc., " to the knowledge of affiant," which the affidavit in this case does not state. It is contended that *Estate of Swain*, 67 Cal. 637, is authority to the point that such defect in the affidavit is not material. But that case does not support this contention. The *Estate of Swain* was not a case where a

claim had been rejected by the administrator. The claims there had been approved and allowed by the administrator and the probate judge, and had been filed among the approved claims against the estate. Such allowance established, *prima facie*, their validity. Afterwards, upon the settlement of the final account of the administrator, the heirs contested the claims; and upon that issue the court said: " In law, the allowance of the claims, although made upon defective verifications, was not void. It was a judicial act, which entitled the claims to rank as acknowledged debts of the estate, to be paid in due course of administration; but as a judicial act in their favor it was not binding and conclusive against the heirs, because they were not parties to it. They had therefore the right to question the allowance at the settlement of the estate." That was a very different case from one where, as in the case at bar, a person seeks judgment against an estate upon a rejected claim, when the "judicial act" has been against him. In such a case, the plaintiff must show at least a substantial compliance with each requirement of the statute on the subject of the presentation of claims; and as, in the case at bar, the respondents made no attempt at complying with the provision above quoted relating to the affidavit by which a claim must be supported, they cannot maintain an action against the estate upon the promissory note set forth in the complaint. And this view makes it unnecessary to discuss other points which are made in the case.

The judgment is reversed.

Rehearing denied.