[Civ. No. 313.    Second Appellate District.—February 25, 1907.]

## MAIER PACKING COMPANY, Appellant, v. MARGARET T. FREY, Administratrix of Estate of C. DAVID FREY, Deceased, Respondent.

Estates of Deceased Persons—Claims—Sufficiency of Affidavit on Behalf of Claimant.—An affidavit to a claim against the estate of a deceased person, made by some other person, acting on behalf of the claimant, must state the reason why it is not made by the claimant; and if it fails to do so, it is insufficient.

Id.—Affidavit by Official on Behalf of Corporation.—An affidavit to a claim on behalf of a corporation must state that it is a corporation, and the averment of that fact shows a sufficient reason why it is not made by the corporation. Where that fact is not stated, the claimant cannot be assumed to be a corporation; but if it is stated, the affidavit by an official should show that the person acting in its behalf is an officer of the corporation presumed from his official position to have sufficient knowledge of its affairs.

Id.—Affidavit for Corporation by Other Person.—An affidavit on behalf of a corporation by other than such official must contain averments tending to show, when he swears that there are no offsets to his knowledge, that the nature of his relation to the company is of a character calculated to place him in possession of requisite information on that subject.

Id.—Affidavit by or on Behalf of Individual.—When the affidavit is made by an individual who bases his claim upon transactions with the deceased, the law imputes to him knowledge of the truth of the averments made therein. When made by another on his behalf, the affidavit must, in addition to averring that he has no knowledge of any offsets, aver facts showing that he was in a position to know of them if any existed.

APPEAL from a judgment of the Superior Court of Los Angeles County.    N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

John H. Foley, for Respondent.

SHAW, J.—Appeal from judgment.    Maier Packing Co. instituted suit upon a claim against the estate of one C.

David Frey, deceased, of which respondent was the administratrix. The claim and affidavit in support of it was attached to and made a part of the complaint. A demurrer interposed by defendant was sustained upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. Plaintiff declined to amend, and judgment was thereupon entered in favor of defendant, from which this appeal is prosecuted.

The claim was allowed by the administratrix, but rejected and disallowed by the judge of the superior court to whom it was presented for approval.

The only question involved is whether or not the affidavit to the claim complies with the requirements of section 1494, Code of Civil Procedure, which provides that ''every claim which is due, when presented to the executor or administrator, must be supported by the affidavit of the claimant, or someone in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant. . . . When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant.''

The affidavit in question is as follows:

''State of California, County of Los Angeles—ss.

''Maier Packing Co., by Simon Maier, Pres., whose foregoing claim is herewith presented to the administrator of the estate of said deceased, being duly sworn, says, that the amount thereof, to-wit: the sum of $962.09, is justly due to said claimant, that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of the claimant or affiant.

''MAIER PACKING CO.,

''Simon Maier, Pres.

''Subscribed and sworn to before me, this 15th day of June, 1904.

''Sam'l Prager, Notary Public in and for Los Angeles County, Cal.''

It appears both from the affidavit and the account constituting the claim that Maier Packing Co. is the claimant. The affidavit is made by Simon Maier on behalf of the claim-

5 Cal. App.—6

ant, and under the section above quoted we must look to the affidavit for the assignment of some reason which will excuse claimant from making the same. The absence of such an averment has been held to be absolutely fatal. (*Perkins* v. *Onyett,* 86 Cal. 348, [24 Pac. 1024].) There seems to have been no attempt to state in positive terms any reason why Maier Packing Co. did not make the affidavit. Counsel for appellant, however, assumes claimant to be a corporation, and then contends that a corporation cannot swear; that it must necessarily act through some one as its agent. This is true, and it follows that where an incorporated company presents a claim against the estate of a deceased person an averment of the fact that claimant is a corporation constitutes a sufficient reason why the affidavit is not made by the claimant. The affidavit before us does not disclose the capacity or character in which claimant appears; there is no statement in it from which we can conclude that Maier Packing Co. is an incorporated company, and in the absence of some averment setting forth such fact, we cannot assume that it is a corporation.

The affidavit is defective in not assigning some reason which would relieve claimant from making it.

Where the claimant is a corporation, it should appear from the affidavit that the person acting on its behalf is an officer thereof, presumed from his official position to have sufficient knowledge of its affairs; or, if made by other than such official, it should contain averments tending to show, when he swears that there are no offsets to his knowledge, that the nature of his relation to the company is of a character calculated to place him in possession of the requisite information upon the subject.

Where the affidavit is made by an individual, who bases his claim upon transactions had with deceased, the law imputes to him knowledge of the truth of the averments contained in his affidavit. When made by another on his behalf, such person should, in addition to averring that he has no knowledge of any offsets, aver facts showing that he was in a position to know of them if any existed. These claims, when allowed, approved and filed, partake of the nature of a judgment, and as such are to be paid in due course of administration, and the affidavit should set forth facts sufficient to

at least make out a *prima facie* showing that the claim is justly due from the estate over and above all offsets.

We have examined the authorities cited by appellant, but in view of the decision in the case of *Perkins* v. *Onyett,* 86 Cal. 348, [24 Pac. 1024], as well as the evident purpose of the section, we must hold that they are inapplicable to this case.

We find it impossible to reconcile the provisions of this affidavit with the requirements of the statute, and the judgment appealed from is, therefore, affirmed.

Allen, P. J., and Taggart, J., concurred.