THE ULLMAN CO., APPELLANT, *v.* ADLER, ADMX., RESPONDENT.

(No. 4,279.)

(Submitted January 12, 1921. Decided February 28, 1921.)

[196 Pac. 157.]

*Estates of Deceased Persons—Executors and Administrators— Claims—Improper Verification—Corporations.*

Appeal and Error—Order, General in Terms—Affirmance, When.
  1. An order, general in terms, sustaining objections to the verification of a creditor's claim against an estate, will be upheld on appeal if it can be upon any of the grounds mentioned.
Estates of Deceased Persons—Claims—Defective Verification.
  2. Where the affidavit in verification of a claim against an estate omitted to set forth that no payments had been made thereon which were not credited as required by section 7526, Revised Codes, it was ineffectual as a basis of legal liability against it, and neither itemization of the claim, in the shape of debits and credits, nor the statement that the claim was lawful, just, true and correct, nor the vouchers and proofs which may be required by the executor or administrator, could supply the defect.
Same—Claims—Verification—Purpose of Affidavit.
  3. The affidavit called for by section 7526, Revised Codes, to accompany a claim against an estate, is not required as evidence of the

---

2. Verification of claims against estates of deceased persons, see note in 130 **Am. St. Rep.** 318.

existence of the debt, but as evidence of good faith to prevent the presentation of spurious or fictitious claims.

Same—Claims—Corporations—Defective Verification.

    4.  In an action by a corporation on a claim against an estate which had been disallowed by the administratrix, the ruling that it was improperly verified, inasmuch as its bookkeeper made the affidavit required by section 7526 above, without setting forth the reason why the claimant itself did not make it, was correct, the recital that the claimant is a corporation being insufficient to cure the defect.

Corporations—Act *Per Se,* not *Per Alium.*

    5.  While a corporation is a legal entity which can act only through its officers or other qualified agents, an affidavit made by one of its proper officers for and in the name of the corporation is its, and not his, act, since a corporation acts only *per se* and not *per alium.*

Claims Against Estate of Deceased Person—Statutes—Substantial Compliance Necessary.

    6.  There must be a substantial compliance with the requirements of every provision of section 7526, Revised Codes, specifying what the verification of a claim against the estate of the decedent must contain; where there is no such compliance, the claim is ineffectual as a basis for legal liability.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by the Ullman Company against Johana Adler, administratrix of the estate of Ludwig Adler, deceased. Judgment was rendered dismissing the complaint. From an order denying its motion for new trial, plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. J. O. Davies,* for Appellant.

*Mr. Louis E. Haven* and *Mr. W. N. Waugh,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover a balance of $725.83, alleged to be due for goods, wares and merchandise sold and delivered by plaintiff to Ludwig Adler in his lifetime. Upon the trial of the cause, the court excluded the creditor's claim, which had been presented to and disallowed by the administratrix, upon the ground that it was not verified properly, and, at the conclusion of plaintiff's case granted a nonsuit and rendered

and caused to be entered a judgment dismissing the complaint. The plaintiff has appealed from an order denying its motion for a new trial.

It is elementary that without proof of the presentation and disallowance of its claim plaintiff had no standing in court (secs. 7530 and 7532, Rev. Codes), and it follows that the only question for determination is: Was the claim verified as required by law? So much of section 7526, Revised Codes, as is material here, with numerals inserted to indicate the several requirements, follows: ''Every claim which is due, when presented to the executor or administrator, must be supported by the affidavit of the claimant, or some one in his behalf, [1] that the amount is justly due, [2] that no payments have been made thereon which are not credited, and [3] that there are no offsets to the same, to the knowledge of affiant. If the claim be not due when presented, or be contingent, [4] the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit [5] the reason why it is not made by the claimant.''

The affidavit attached to the claim is in the following form:

''State of Ohio, County of Hamilton—ss.:

''The undersigned, J. A. Braun, of lawful age, being first duly sworn, states on oath that he is bookkeeper for the Ullman Company, an Ohio corporation, the owners of the claim against Ludwig Adler estate of Butte, Montana, hereto attached and made part hereof; that the same and every item thereof is justly due; that the consideration therefor is goods and merchandise sold and delivered by said claimant to said debtor at his special request, at the dates and the prices more fully set forth in the account hereto attached; that the same is in every respect lawful, just, true and correct; that there is owing, due and unpaid on said claim the sum of seven hundred twenty-five and 83/100 dollars ($725.83) with interest at the rate of —— per centum per annum from the —— day of ——, 19—, that there is no discount, set-off or counterclaim against said account, and no

usury embraced therein; and that said claimants have no security whatever for the same.

"J. A. Braun.

"Subscribed and sworn to before me this 23d day of Jan., 1912.

"Edw. M. Schwein,

"Notary Public, Hamilton County, Ohio.

"My commission expires Dec. 2, 1913.

" [Notarial Seal.]"

The court's order, sustaining the objections interposed to this [1] verification, is a general one, and must be upheld if it can be upon any of the grounds mentioned.

1. The affidavit omits altogether the statement required by the statute "that no payments have been made thereon which are [2] not credited." It is argued, however, that since this claim is itemized and the debits and credits are made to appear, the statement that the claim "is in every respect lawful, just, true and correct" necessarily precludes the idea that there are any other credits than those mentioned. The same arguments, however, would apply to every character of claim, whether itemized or not. The affidavit states only the conclusions of the affiant, whereas the statute requires that the facts shall be stated from which the administrator and the judge of the court may determine whether the claim is one which should be considered. Again it is suggested that the utmost liberality should be indulged in construing the statute above, since it provides that "The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim." If it was intended that the vouchers or proof should supply deficiencies in the affidavit, there is not any reason apparent for the affidavit at all. Every fact which the statute declares shall appear from the affidavit could be established by the vouchers or proof. The affidavit on the one hand, and the vouchers and proof on the other, perform distinct and independent functions. [3] The affidavit is not required as evidence of the existence of the debt, but as evidence of good faith, to prevent the presentation of spurious or fictitions claims. (*Williams* v. *Purdy*,

6 Paige (N. Y.), 166.) The office to be performed by the vouchers or proof is to establish the indebtedness to the satisfaction of the proper officers.

There is language employed in the opinion in *Swain's Estate,* 67 Cal. 637, 8 Pac. 497, which, standing alone, would lend support to the view that the entire omission of one or more of the statutory requirements above would not vitiate the claim, and that language was quoted, apparently with approval, by this court in *Empire State Min. Co.* v. *Mitchell,* 29 Mont. 55, 74 Pac. 81. The language was not pertinent, and the use of it was unfortunate. As pointed out in the latter case of *Perkins* v. *Onyett,* 86 Cal. 348, 24 Pac. 1024, the *Swain Case* did not involve an action upon a creditor's claim. It was an appeal from an order allowing the final account of an administrator. The claims involved, which were improperly verified, had, nevertheless, been allowed by the administrator and approved by the probate judge, and the supreme court, in passing upon the order, said: "In law, the allowance of the claims, although made upon defective verifications, was not void." As pointed out further in the *Perkins Case,* nothing whatever said in the opinion in *Swain Estate* can be construed as authority to the point that such a defect in the affidavit as the one now under review is not material.

2. The affiant herein designates himself "bookkeeper," but [4] there is not in that designation anything to suggest that he is a general officer of the corporation or its agent for the purpose of making this affidavit. Indeed, it is conceded by counsel for appellant that the affidavit was not made by the Ullman Company, but was made *by a person other than the claimant.* It was necessary, then, under the express terms of section 7526 above, that Braun "set forth in the affidavit the reason why it was not made by the claimant." But it is insisted that the recital that the claimant is a corporation meets the requirement of the law, and *Maier Packing Co.* v. *Frey,* 5 Cal. App. 80, 89 Pac. 875, is cited in support of that view. The court there said: "Counsel for appellant, however, assumes claimant to be a cor-

poration, and then contends that a corporation cannot swear; that it must necessarily act through someone as its agent. This is true, and it follows that where an incorporated company presents a claim against the estate of a deceased person an averment of the fact that claimant is a corporation constitutes a sufficient reason why the affidavit is not made by the claimant.'' What the court actually decided was that there was not any evidence which even tended to show that the claimant was a corporation. The language quoted is *obiter* and nothing else, [5] and as most frequently occurs, is erroneous. A corporation is a legal entity, and can act only through its officers or other qualified agents, but whenever a proper officer makes an affidavit for and in the name of the corporation, he does not act as its agent; he exercises the corporate powers of the entity in the only way in which they can be exercised and the affidavit is the corporate act. The corporation acts *per se* and not *per alium.* Upon this subject the authorities are well-nigh unanimous. (*Lewiston Co-operative Society* v. *Thorpe,* 91 Me. 64, 39 Atl. 283; *American Insulator Co.* v. *Bankers' Tel. Co.,* 13 Daly (N. Y.), 200; *Bank of Toronto* v. *McDougall,* 15 U. C. C. P. 475; *American Soda Fountain Co.* v. *Stolzenbach,* 75 N. J. L. 721, 127 Am. St. Rep. 822, 16 L. R. A. (n. s.) 703, and note, 68 Atl. 1078; *Scott Stamp & Coin Co.* v. *Leake,* 9 Cal. App. 511, 99 Pac. 731; 2 C. J. 325.)

Since this plaintiff might have verified its claim, the fact that it is a corporation is not any reason whatever why it did not do so. The theory of the statute is that if the claimant verifies his claim, he speaks from personal knowledge concerning the things which must be made to appear. If, for any reason, he is unable to make the required affidavit, someone else possessing the necessary qualifications may make it in his behalf, provided the affiant sets forth in the affidavit the reason why it is not made by the claimant.

In considering a statute identical with our section 7526, the supreme court of South Dakota said: ''It is unnecessary to attempt an analysis of the different clauses of this statute fur-

ther than to observe that ample reason exists in the very nature of the proceeding itself for each of said requirements. The entire omission of any one of them from the affidavit renders it materially defective, and the presentation ineffectual, for the purpose of· maintaining an action on the claim." (*National Bank* v. *Kleinschmidt,* 33 S. D. 132, 144 N. W. 934.)    To permit a third party to make the affidavit without assigning any reason for doing so would operate to annul the statute and open the door to the grossest frauds. (*McWhorter* v. *Donald,* 39 Miss. 779, 80 Am. Dec. 97.)    Substantial compliance with every **[6]** provision of the statute is commanded, and in the absence from the affidavit of the second and fifth requirements of the section above, the claim is ineffectual as the basis of legal liability against the estate. (*Perkins* v. *Onyett, supra; Automatic Scale Co.* v. *Torgeson,* 36 S. D. 564, 156 N. W. 86.)

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.