[Civ. No. 1754.   Fourth Appellate District.—January 30, 1936.]

BLANCHE E. GREEN LISLE, Respondent, v. W. ORVAL RAGLE, as Administrator, etc., Appellant.

Lindsay & Gearhart for Appellant.

B. M. Benson for Respondent.

MARKS, J.—Plaintiff, who formerly was Blanche E. Green, is the daughter of Lottie L. Martin, deceased, who was formerly Lottie L. Green. A. D. Green, the father and husband of the two, died leaving them as his heirs. On September 2, 1926, the daughter and the mother entered into a written contract whereby the daughter sold her interest in the estate to her mother for $20,000, payable $500 cash, and the balance in instalments of $125 per month, without interest. These payments were made up to and including the one due in January, 1934, and $10 was paid on account of the February instalment.

Mrs. Martin died on March 22, 1934, and defendant was appointed and qualified as administrator of her estate.

On September 18, 1934, and within the time allowed by law plaintiff filed her claim against the estate for the balance unpaid on the contract, both accrued and to accrue. Twenty days elapsed during which defendant failed to approve or reject the claim and plaintiff elected to treat it as rejected and filed this action on October 16, 1934. The trial court rendered judgment in favor of plaintiff for $1750, which had accrued and become due on the contract up to the time of trial, and the further sum of $6,215, to be paid "in the due course of the administration of the estate" as the same becomes due under the contract. This judgment is brought before us on the judgment roll. After defendant's opening brief was filed plaintiff moved to dismiss the appeal or affirm the judgment under the provisions of section

three of Rule V of Rules for the Supreme Court and District Courts of Appeal.

We have studied the opening brief of defendant and if we correctly understand his contentions they may be summarized as follows: that there was $115 due and unpaid to plaintiff on her contract at the time of her mother's death; that giving judgment for the instalments accruing and becoming due between the date of the death and trial was unauthorized as was ordering the payment in the due course of the administration of the estate of the amount not due at the time of trial. The opening brief concludes as follows: "The respondent here, morally, is entitled to be paid the just amount which is coming to her, which should be the present worth of the amount unpaid on her contract at the time of her mother's death at the rate of seven per cent per annum, to be paid in the course of administration. We have no objection to the judgment being modified accordingly; otherwise, and if the respondent does not assent thereto, that the case be retried."

Counsel for defendant urge that the present judgment prefers plaintiff over other creditors, that it will delay closing the estate for four years and that it is the duty of the plaintiff to consent to a reduction of the claim by the amount of legal interest. It should be observed that under the contract the payments are not to draw interest and interest is not computed in the judgment.

These contentions are answered by the following provisions of section 953 of the Probate Code. "If there is any claim not due, . . . the amount thereof, or such part of the same as the holder would be entitled to if the claim were due, . . . must be paid into court, and there remain, to be paid over to the party when he becomes entitled thereto; . . . If a creditor whose claim has been allowed, but is not yet due, appears and assents to a deduction therefrom of the legal interest for the time the claim has yet to run, he is entitled to be paid accordingly. The payments provided for in this section are not to be made when the estate is insolvent, unless a *pro rata* distribution is ordered."

If the defendant desires to close the estate he can pay plaintiff the amount of those payments past due and deposit in court the amount of the future payments accruing under the contract. It is optional with a claimant whether he

appear and assent "to a deduction therefrom of the legal interest for the time the claim has yet to run". No interest was allowed on future instalments not due. We cannot assume that the estate is insolvent nor that if it should prove to be insolvent that the probate court will not order "a *pro rata* distribution" to plaintiff as well as to the other creditors.

.A judgment on a claim not due was before the court in the case of *Sime* v. *Hunter*, 50 Cal. App. 629 [195 Pac. 935]. A judgment in that case ordering the claim paid in due course of administration was affirmed on appeal. (See, also, *Pico* v. *De la Guerra*, 18 Cal. 422, at 429; *Estate of Swain*, 67 Cal. 637 [8 Pac. 497].)

In our judgment the case is one in which there is no need for additional briefs or further argument and to which the provisions of section three of Rule V of the Rules for the Supreme Court and District Courts of Appeal are applicable.

The motion is granted and the judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.