[Civ. No. 13125. First Dist., Div. One. Aug. 26, 1946.]

UNITED STATES FIDELITY & GUARANTY CO. (a Corporation), Respondent, v. JOHN A. KECK, as Administrator, etc., Appellant.

Waldo F. Postel for Appellant.

Bernard B. Stimmel and Norman S. Stimmel for Respondent.

SCHOTTKY, J. pro tem.—Respondent commenced an action against appellant administrator upon a claim presented against the estate of Lizzie B. Keck, deceased, which claim had been rejected by appellant. The only defense set up by appellant administrator was that the affidavit supporting the claim was not in the form required by section 705 of the Probate Code. The trial court found the claim sufficient, adequate and proper as to form and rendered judgment in favor of respondent. This appeal is from said judgment.

The claim sued upon set forth as the item of indebtedness the following:

"1942

"May 28, Judgment entered in the Superior Court of the State of California in and for the County of Alameda in that certain action entitled 'United States Fidelity and Guaranty Company, a corporation, plaintiff vs. Lizzie B. Keck, defendant'—Proceeding No. 166384 and bearing date of the 28th day of May, 1942, and by reference made a part hereof; that no part of said judgment has been paid or satisfied and the whole thereof is due, owing and unpaid in the sum of Eight Thousand Seven Hundred Fifty-nine and 84/100 Dollars $8,759.84 With interest thereon at the rate of 7% per annum from and after the 28th day of May, 1942."

The affidavit in support of the claim reads as follows:

"STATE OF CALIFORNIA ⎱ ss.
City and County of San Francisco.⎰

"HORACE W. B. SMITH, being first duly sworn, deposes and says:

"That the United States Fidelity and Guaranty Company, whose foregoing claim is herewith presented to the administrator of said deceased, is a corporation; that affiant is an officer of said corporation, to wit: Resident Secretary, and that he has knowledge of and is familiar with the matters as stated in said claim; and for that reason he makes this affidavit on behalf of said United States Fidelity and Guaranty Company, a corporation; that the amount of said claim is, to wit: The sum of Eight Thousand Seven Hundred Fifty Nine and 84/100 Dollars ($8,759.84) with interest thereon at the rate of 7% per annum on and after the 28th day of May, 1942, which is wholly unpaid and unsatisfied, and the same and the whole thereof is now justly due, owing and un-

paid, and that there are no offsets to the same to the knowledge of said affiant.

(Sgd.) HORACE W. B. SMITH"

The applicable portion of section 705 of the Probate Code reads as follows:

"Every claim which is due, when filed or presented must be supported by the affidavit of the claimant or someone in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant."

■ Appellant contends that the affidavit of claimant does not comply with the above section and that the judgment in favor of respondent should therefore be reversed. This is the sole question involved upon this appeal. There was no denial in appellant's pleadings as to the recovery of the judgment upon which the claim was based, nor as to its amount, nor was there any allegation or evidence that any payments were made which were not credited. Appellant asserts: "The affidavit in question does not state 'that no payments have been made thereon which are not credited.' The affidavit does not use any word which would indicate an attempted compliance with the section. None of the following words are used: 'payment,' 'payments' or 'credited.' The Code distinguishes between the 'payments' and 'offsets.' In the case now before the Court, the second requirement of the section is entirely ignored." Appellant argues that "the affidavit failing to state that no payments have been made thereon which have not been credited" is insufficient to support the claim.

In our opinion the contention of appellant is entirely devoid of merit, and, were it not for the apparent sincerity of counsel for appellant in his briefs and upon the oral argument, we would be disposed to characterize the appeal as frivolous.

We are unable to understand how it can be contended seriously that the affidavit here in question omits any requirement of the section. Appellant argues that it does not use the words "that no payments have been made thereon which are not credited," and that, therefore, the second requirement of the section is lacking. However, the claim shows that the judgment was for the sum of $8,759.84 with interest from May 28, 1942, at 7 per cent. The affidavit states that said sum of $8,759.84 with interest at 7 per cent from May 28,

1942, was justly due and that there were no offsets to same. Certainly, if the amount of the judgment was $8,759.84 with interest from May 28, 1942, and the affidavit states that said amount and interest are justly due, it follows that there have been no payments, and it would add nothing to the substance of the affidavit to go further and state "that no payments have been made thereon which are not credited," because it already appears that no payments have been made. Appellant's argument is in effect an argument that there must be a strict, literal compliance with the language of the section. While such an argument might find some support in decisions of an earlier day when mere technicalities were deemed important, it is out of harmony with modern enlightened jurisprudence which regards the substance as more important than mere form and will not permit a mere technicality to defeat substantial justice.

The requirements as to the contents of the affidavit supporting a claim against the estate of decedent are not intended to make it easier to avoid payment of a just claim, but were intended to make a claimant set forth his claim with such particularity that the executor or administrator in passing upon it would be fully advised as to just what was claimed. All that is required is a substantial compliance with the requirements of the section. As was said in the case of *Doolittle* v. *McConnell*, 178 Cal. 697, at page 712 [174 P. 305] : "The purpose of a claim against an estate is to give the executor or administrator such information as will enable him 'to act upon it advisedly.' " And in *Valente* v. *Sica*, 1 Cal.App.2d 478, the court said at page 480 [36 P.2d 1086] : "We believe the verification substantially complies with section 705 of the Probate Code. Our courts have in the past, refused to be technical in ruling upon matters of this sort. (*Estate of Swain*, 67 Cal. 637 [8 P. 497] ; *Guerian* v. *Joyce*, 133 Cal. 405 [65 P. 972] ; *Western States Life Ins. Co.* v. *Lockwood*, 166 Cal. 185 [135 P. 496].) "

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.