368 P.2d 711

O. A. TANGREN, Ancillary Executor of the Estate of E. R. Miles, Deceased, Plaintiff and Appellant,

v.

Dorothy G. SNYDER, Executrix of the Estate of George W. Snyder, Deceased, Defendant and Respondent.

No. 9504.

Supreme Court of Utah.

Feb. 13, 1962.

Elliot R. Wight, John E. Stone, Salt Lake City, for appellant.

McBroom & Hyde, Herbert Van Dam, Jr., Salt Lake City, for respondent.

WADE, Chief Justice.

This appeal is from a judgment of no cause for action and dismissal of the plaintiff's action with prejudice and on the merits.

The action was brought by O. A. Tangren, who is the appellant herein, as the Ancillary Executor of the Estate of E. R. Miles, Deceased, to compel the Executrix of the Estate of George W. Snyder to approve a claim for the payment of a debt due the Estate of E. R. Miles, Deceased, founded upon a judgment in favor of appellant's decedent against respondent's decedent. The claim was filed before the expiration of the time to present creditors' claims on a form printed in conformity with the statute, and appellant was appointed ancillary executor of the estate and commenced this suit within three months after respondent had given notice of rejection of the claim, "because not filed by right party."

The record discloses the claim was made for the Estate of E. R. Miles, Deceased, and

the affidavit was made by a member of the Utah State Bar as special counsel for the foreign executor of the estate, who had not qualified to act in Utah, and no direct statement was made by this attorney of a reason why the Estate of E. R. Miles, Deceased, did not make the claim.

The court granted respondent's motion for dismissal of the action on the ground that the claim as presented was fatally defective because it was not made and presented in the name of the claimant, but by special counsel in Utah for the California executor of the Estate of E. R. Miles, Deceased, who had not qualified as executor in the state of Utah, and therefore, such claim failed to comply with the provisions of Section 75–9–5, U.C.A.1953, so much of which as is pertinent here reads:

"Every claim which is due, when presented to the executor or administrator, must be supported by the affidavit of the claimant or someone in his behalf * * *. When the affidavit is made by a person other than the claimant he must set forth in the affidavit the reason why it is not made by the claimant."

Respondent contends that the court was correct in dismissing the action with prejudice because courts in states having similar statutes have held the requirements in the affidavit to be mandatory and have strictly construed them so that an omission or failure to comply exactly with the literal wording of the statute was fatal to the presentment and upon rejection could not be the basis of a complaint thereon.[1]

■ We are not in accord. We are of the opinion that the statutory requirements of the contents of the claim and affidavit in support thereof should be liberally construed and that such statutes were, as aptly stated in United States Fidelity & Guaranty Co. v. Keck,[2] "not intended to make it easier to avoid payment of a just claim, but were intended to make a claimant set forth his claim with such particularity that the executor or administrator in passing upon it would be fully advised as to just what was claimed. * * *" In the instant case it was readily apparent from the creditor's claim as presented that the debt was claimed for the Estate of E. R. Miles, Deceased, and the verification was made by one Elliot R. Wight because he was the attorney in Utah for the estate, and as such attorney, he attested that the amount stated therein was justly due; that no payments were made which were not credited and that there were no offsets to his knowledge.

1. Perkins v. Onyett, 86 Cal. 348, 24 P. 1024; Maier Packing Co. v. Frey, 5 Cal. App. 80, 89 P. 875; Burke v. Unger, 88 Okl. 226, 212 P. 993 and Ullman Co. v. Adler, 59 Mont. 232, 196 P. 157.

2. United States Fidelity & Guaranty Co. v. Keck, 75 Cal.App.2d 828, 171 P.2d 731. See also In re Swain, 67 Cal. 637, 8 P. 497.

■ Respondent's contentions that there was insufficient compliance with our statute because the affidavit was made by the attorney for a foreign representative of an estate who had not qualified as such in this state, and that affiant had further failed to state the reason why he was making the affidavit in place of the claimant is without merit.

While it is true this court has stated in Wilcox v. District Court of Salt Lake County et al.[3] that it adheres to the principle that a personal representative of a deceased person can be a party as such representative in an action or proceeding only in the state in which he is appointed, it does not follow that such a representative cannot file a creditor's claim for a debt due his decedent in a state other than the one in which he has been appointed or that he cannot retain an attorney in a foreign state to act for him in such a matter. Filing a claim does not necessitate suing or being sued or being a party to any action or proceeding. Certainly such a representative could write to a debtor of the deceased person, whose estate he represents, who happens to reside in another state and request payment, and if such payment were made, he could give a binding receipt therefor. There appears no good reason of public policy or protection of other estates of deceased persons why foreign representatives should not be able to file such creditors' claims.

■ We are also not persuaded that the requirement of our statute that where the claim is made by a person other than the claimant, the reason must be set forth therein, means there must be a separate statement setting forth such reason. Affiant having stated in the affidavit that he was verifying the claim as the attorney for the representative of the estate to whom the debt was claimed to be due as effectively advised respondent of the reason therefor as if he had said in so many words, I am making this affidavit because I am the attorney for executor. There can be no doubt that an attorney where retained may act for a client and such employment would be sufficient reason to make the affidavit instead of the claimant. The statute does not require any particular reason, but merely requires that the reason be "set forth." There is also no specific requirement that the reason be set forth in a special statement. By stating that he was counsel for the representative of decedent's estate, he has sufficiently informed respondent and "set forth" the reason to substantially comply with this requirement of our statute.

Reversed. Costs to appellant.

McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.

HENRIOD, Justice (concurring in result).

---

3. Wilcox v. District Court of Salt Lake County et al., 2 Utah 2d 227, 272 P.2d 157.

. I concur in the result for but one reason. The statute says that "when the affidavit is made by a person other than the claimant he must set forth * * * the reason *why it is not made by the claimant."* Mr. Wight, a well-known member of the Bar, filed the claim "as special counsel" for the claimant, "whose claim is herewith presented." Had he stated simply that *the claimant did not file the claim* because of nonresidence, for example, a meritorious reason may or may not have been given. But he would have given a *reason.* That is all that is necessary to satisfy the statute. The statute does not require a good or bad reason. That fact would be determinable in subsequent proceedings.

To this writer the statement that the claim was filed by Mr. Wight "as special counsel" for the claimant is tantamount to saying that the claimant did not file the claim because he had his attorney do it. Had a written power of attorney been attached, it would seem that the *reason* why the claimant did not file personally, would be apparent. I think the attorney-client relationship itself is such that when a lawyer swears to the fact he is "special counsel" for the claimant, there could be little or no reason to conclude other than that such assertion, reasonably interpreted, reflects as much of a reason why the claimant did not file the claim personally as would be the case where a written power of attorney had been annexed to the claim. I do not believe

such conclusion over-dignifies the attorney-client relationship but simply emphasizes the quality and quantum of authority that traditionally and universally has been accepted with respect to the extended-personality attributes incident to such relationship.

Although not in issue on this appeal, it is interesting to note that a claim was approved in this case, which was filed by "Russell B. Jex, Mgr. of Peoples Finance and Thrift," and one was approved which was filed by "Allen M. Swan" as "attorney for Continental Casualty Company of Chicago, Illinois."