2007 WY 63

**In the Matter of the ESTATE of James T. FROST, Deceased:**

**Frost Construction Company, Appellant (Petitioner),**

v.

**Shelley M. Dodson, Co–Personal Representative of the Estate of James T. Frost, Deceased, Appellee (Respondent).**

**No. 06–169.**

Supreme Court of Wyoming.

April 13, 2007.

Representing Appellant: T. Thomas Singer of Axilon Law Group, Billings, Montana.

Representing Appellee: Marc C. Thompson of Webster & Thompson, LLC, Cody, Wyoming.

Before VOIGT, C.J., and GOLDEN, KITE, BURKE, JJ., and WALDRIP, D.J.

WALDRIP, District Judge.

[¶ 1]   This appeal concerns the interpretation of Wyo. Stat. Ann. § 2–7–704 and 2–7–712 (LexisNexis 2005).  In construing these statutes, the district court held that any claim filed against a probate estate must have an attached affidavit.  As to this case, the court concluded that, because there was no affidavit filed, the claim must be considered invalid and barred as if no claim had been filed.  For the reasons stated herein, we reverse and remand.

## ISSUES

[¶ 2]   In its initial appeal, Frost Construction Company posits the following issues for review:

A.   Did the trial court err in denying a claim that was timely asserted against the Estate solely because no affidavit accompanied the claim?

B.   Did the trial court err in holding that the claimant had failed to plead a constructive trust theory?

Shelley M. Dodson puts forward essentially the same issues for review, but seeks affirmation of the district court's ruling.

## FACTS

[¶ 3]   Frost Construction Company (Company) was formed in the 1970s by James T. Frost and two of his four children, David M. Frost and James M. Frost.  On April 21, 1978, the Company purchased the Eggeman Property ("the Property") at a foreclosure sale for $67,500.00.  The foreclosure sale was later reversed by this Court due to jurisdictional defects.  *Eggeman v. Western National Bank of Lovell,* 596 P.2d 318, 325 (Wyo. 1979).  A second foreclosure sale occurred on July 19, 1982.  At that sale, James T. Frost bid $15,300.  On November 29, 1982, the property was deeded to James T. Frost.

[¶ 4]   Though the Property was deeded to James T. Frost, the purchase price actually was paid by the Company.  In addition, in January 1982, the Company borrowed $60,000 from Shoshone First National Bank to pay off other liens against the Property.  Since its purchase, the Company has paid all expenses and taxes associated with the Property.  The Company has used the property as its main yard and shop.  Also, in the late 1980s, the Company erected a building on a portion of the Property and rented it to the United States Forest Service under a written lease between the Forest Service and the Company.  All of the costs associated with building and maintaining that building have been paid by the Company, and the Company has received all rents from the Forest Service.

[¶ 5]   Throughout the time the Company was making improvements to the Property; borrowing money to clear liens; paying the taxes on the Property; and collecting rents from the Property, James T. Frost was the president and majority shareholder of the Company.  During most of that time, he was also the only representative of the Company who knew that the Property was owned, not in the name of the Company but, rather, in his own name.  His two sons, who were minority shareholders in the Company, James M. and David M. Frost, did not learn the Property was not owned by the Company until the 1990s.

[¶ 6]   When James T. Frost died on March 11, 2003, his estate was admitted into probate and two of his four children, David M. Frost and Shelley M. Dodson, were ap-

pointed co-personal representatives.[1] On June 18, 2003, the Company submitted its claim against the Estate regarding the Eggeman Property. The Company sought to have the Property deeded from the Estate to it, as the rightful owner. The claim was contingent upon the Company prevailing upon its equitable claims. The creditor's claim set forth the factual basis of the claim, attached documents in support of the claim, and was signed by the president of the Company, James M. Frost.

[¶7] On June 24, 2004, Dodson signed a Rejection of the Claim in which she noted that no affidavit in support of the claim had been filed. In the subsequent dispute over the validity of the claim, the district court granted Dodson's motion to dismiss for failure to file an affidavit as required by Wyoming Statute.

[¶8] The district court also ruled against the Company with respect to its equitable claim of constructive trust. The court observed that "[c]onstructive trust was not alleged in any pleading by Claimant," and, therefore, ordered that, "[s]hould this matter come to trial Claimant may continue with a resulting trust theory but not under a constructive trust theory." Later, the district court certified its order on those motions as final pursuant to W.R.C.P. 54(b), and the Company filed this appeal.

### STANDARD OF REVIEW

■ [¶9] The determinative issue here is a question of law concerning the construction of Wyo. Stat. Ann. § 2–7–704.

In interpreting statutes, our primary consideration is to determine the legislature's intent. All statutes must be construed in pari materia and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the legis-

lature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute in pari materia. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. We must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation. Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions.

*Muller v. Jackson Hole Mountain Resort,* 2006 WY 100, ¶9, 139 P.3d 1162, 1166 (Wyo. 2006) (quoting *Sponsel v. Park County,* 2006 WY 6, ¶9, 126 P.3d 105, 108 (Wyo.2006)).

### DISCUSSION

### I. Failure To File An Attached Affidavit

■ [¶10] The creditor's claim submitted against the Estate on behalf of the Company was dismissed for failure to file an attached affidavit. Such a result requires a strict interpretation of § 2–7–704(a), which states:

Every claim which is due, when filed with the clerk **shall be supported by the affidavit** of the claimant or someone in his behalf, that the account is justly due, that no payments have been made thereon which are not credited and there are no offsets to the same to the knowledge of the affiant. **If the claim is not due when filed or is contingent the particulars of the claim shall be stated.** The personal representative may also require satisfactory vouchers or proofs to be produced in support of the claim.

Wyo. Stat. Ann. § 2–7–704(a) (LexisNexis 2005) (emphasis added).

---

1. The Court removed them as co-personal representatives and appointed a local attorney after the motions at issue in this appeal were submitted. David M. Frost was a co-personal represen-

tative and also is vice-president of the Company. As an officer of the Company making the claim, he took no action for the Estate concerning the claim.

[¶ 11]   Dodson relies on the first sentence in this subsection.  However, Dodson fails to incorporate the second sentence of subsection (a) into her discussion.  In fact, the second sentence of subsection (a) governs this case.  The claim filed by the Company is contingent on the Company establishing its equitable claims, and thus is not a "claim which is due."  The claim, therefore, is not the sort of claim contemplated by the first sentence.

[¶ 12]   In *Park County ex rel. Park County Welfare Dep't v. Blackburn*, 394 P.2d 793, 796 (Wyo.1964), we construed the current statute's predecessor, Wyo. Stat. Ann. § 2-222 (1957), which stated:

> **Every** claim which is due, when presented to the executor or administrator, **must be supported by the affidavit** of the claimant, or some one in his behalf, that the account is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant. **If the claim be not due when presented, or be contingent, the particulars of such claim must be stated.**  When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant.  The oath may be taken before any officer authorized to administer oaths.  The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim.

(Emphasis added.)

[¶ 13]   In addressing this previous version of § 2-7-704, we recognized that it was "somewhat ambiguous when applied to a claim which is contingent[.]"  Park County, 394 P.2d at 796.  More specifically, we noted:

> [I]f the claim be not due when presented, or be contingent, the particulars of such claim must be stated.  **Whether the particulars may be stated in the claim itself or must be stated in an affidavit, the statute does not expressly say.**  It does, however, provide that the executor or administrator may require satisfactory vouchers or proofs to be produced in support of the claim.

In the absence of a more cogent defect in the claim with which we are now concerned, and in the absence of a demand by the executor or court for the claimant to supply a corrected affidavit or to furnish further proof of its claim, we are inclined to say there was a substantial compliance with the law and sufficient to challenge the attention of the district judge and to enable him to act advisedly in the exercise of his discretion, subject of course to the right to require a corrected affidavit or additional proof of the claim.

*Id.* (emphasis added).

[¶ 14]   Current § 2-7-704 is substantively similar to predecessor § 2-222.  However, our conclusion that the particulars may be set forth within the claim, as opposed to an affidavit, is consistent with the long-time policy behind such claim requirements:

> We find ample authority for the statement, as a rule to go by, that the requirements for an affidavit supporting a claim against an estate are not intended to make it easier to avoid payment but are intended to make a claimant set forth his claim with such particularity that the person passing upon it will be fully advised as to just what is claimed;  and all that is required is substantial compliance.  *Tangren v. Snyder*, 13 Utah 2d 95, 368 P.2d 711, 712;  *United States Fidelity & Guarantee [Guaranty] Co. v. Keck*, 75 Cal.App.2d 828, 171 P.2d 731, 732.  *See also* Annotation 74 A.L.R. 368, 393;  34 C.J.S. *Executors and Administrators* § 418, p. 205;  and 21 Am. Jur., *Executors and Administrators*, § 375, p. 594.

*Id.* at 796-97.

[¶ 15]   Here, the particulars of the Company's claim are clearly set forth in the *Claim Against Estate* filed on June 18, 2003.  Not only did the Company allocate $60,000.00 in funds for the purchase of the Property, there is evidence showing that the Company used the Property;  paid the taxes on the Property;  and in all respects treated the Property as if it was owned by the Company.  It appears from the claim the Property was only inadvertently placed in the name of James T. Frost.  Enough information is provided in the Company's claim to sufficiently

challenge the attention of the personal representative and enable him to act advisedly in the exercise of his discretion, subject of course to the right to require additional proof of the claim.

## II. Failure to State a Proper Theory for Recovery

██ [¶ 16] With respect to the district court's dismissal of the Company's constructive trust theory, the court found fault in the Company's failure to plead that theory with specificity. In support of the district court's conclusion, Dodson relies on W.R.C.P. 8(a), which states in pertinent part: "A pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief ... and a demand for judgment for the relief the pleader seeks." However, Dodson cites no authority suggesting the civil procedure pleading requirements apply to a claim against an estate. Certainly nothing in the Wyoming Probate Code, Wyo. Stat. Ann. § 2-1-101 et seq., or Wyo. Stat. Ann. § 2-7-703 or 704 in particular, requires a claimant to state the particular legal theories upon which the claim is based or to specify the evidence upon which the claim rests. We find no reason to deviate from the requirements set forth by the Wyoming Legislature. Neither the statutes at issue nor Wyoming law requires dismissal of the Company's constructive trust theory.

██ [¶ 17] Finally, as this Court has noted, the executor has the ability, if not the burden, to request further information to clarify the claim. *Edmonds v. Valley Nat'l Bank of Arizona*, 518 P.2d 7, 10 (Wyo.1974). Section 2-7-704(a) clarifies that: "The personal representative may also require satisfactory vouchers or proofs to be produced in support of the claim." Wyo. Stat. Ann. § 2-7-704(a) (LexisNexis 2005). The statute "clearly places this burden not upon the creditor but upon the executor by virtue of the provision that the representative 'may also require vouchers and proof.'" *Edmonds*, 518 P.2d at 10.

[¶ 18] The executor in this case made no such requests. If the executor was not satisfied with or was confused by the facts laid out in the Company's claim, it was her burden to request additional particulars.

## CONCLUSION

[¶ 19] The district court erred in rejecting the Company's claim due solely to its failure to file an attached affidavit, which was not required under these circumstances. The district court also erred by rejecting the Company's constructive trust theory. We reverse the order of the district court and remand for appropriate action.