Aurilla P. CONDICT, as Executrix of the
Estate of W. C. Condict, Deceased; Aurilla
P. Condict, Maysel H. Condict, Winthrop
C. Condict, Jr., and Alden Revelle Condict,
as residuary devisees and legatees of Win-
throp C. Condict, Deceased; State Board
of Control of the State of Wyoming; and
L. C. Bishop, as State Engineer, Appellants,
(Defendants below),

v.

Cecil A. RYAN, Appellee,
(Plaintiff below).

No. 2827.

Supreme Court of Wyoming.

March 3, 1959.

C. A. Brimmer, Jr., Rawlins, and Frank
J. Trelease, Laramie, for appellee.

Before BLUME, C. J., and PARKER
and HARNSBERGER, JJ.

Mr. Justice HARNSBERGER delivered
the opinion of the court.

Appellee's petition for rehearing is
advanced upon several grounds. It is said
we did not mention and failed to apply
§ 71–613, W.C.S.1945. This law only be-
came effective February 23, 1921, some five
years after the mortgages whose foreclosure
gave Condicts title to both lands and res-
ervoir. Although the statute and its ap-
plication was fully discussed in both brief
and argument, it was not deemed necessary
to especially mention it when it was decided
that by virtue of the condition appended to
the permit to construct the reservoir both
the reservoir and the waters to be therein
impounded were identified with and were
appurtenant to the Edwin Ryan lands at
the time the mortgages were given in 1916.

In consequence, all provisions of the 1921 statute were ineffective as to this question.

■ The petitioner also claims the interpretation which we gave to the words imposing the condition upon the permit to construct the reservoir was upon an initial theory not theretofore advanced. The suggestion is somewhat novel when the record shows that the very instrument wherein the condition appears was introduced as a joint exhibit by the contesting parties and was mentioned in the trial court's findings. It was evidence in the case but because of its nature it required an interpretation of its meaning. Although neither side saw fit to assist us in that effort, the court was not disposed to blind itself to what was apparent from that instrument or to give it the meaning which to us seemed obvious.

■ Petitioner claims the right to show the purported assignment of July 27, 1927, from Edwin Ryan to his brother Cecil was not defective and that the outcome of the appeal should not depend on notice of such purported assignment being given to Condict. Section 4 of Ch. 141, S. L. of Wyoming, 1921, now § 71–615, W.C.S.1945, was in effect on July 27, 1927, and provides:

> "All deeds for reservoir water and water rights and all leases of the same for periods of three (3) years or more shall be executed and acknowledged as deeds are executed, and shall be recorded in the office of the County Clerk of the County in which the reservoir is situated and also filed in the office of the State Engineer. * * *"

This statute was violated as the instrument was not executed and acknowledged as deeds are executed and acknowledged. In the light of Frank v. Hicks, 4 Wyo. 502, 35 P. 475, rehearing denied 35 P. 1025, as quoted in the original opinion, it was, therefore, not effective as notice even though it had been filed with the state engineer and erroneously recorded in a county clerk's office. It should be unnecessary to say that at least one primary purpose of such recording was the giving of notice to all the world, including those whose interest in the subject matter of the instrument would be adversely affected. Nor does the fact that the instrument was received in evidence without objection add to its efficacy. It merely spoke for itself but without probative effect. We do not find petitioner's contention that Condict had actual notice of the attempted assignment prior to his application of the reservoir waters to beneficial use upon his lands to be borne out by the record to which reference is made.

■ Petitioner argues convincingly and at some length that under the circumstances present in this case there was no necessity to follow the procedures outlined in the then applicable statute, § 744, W.C.S.1910, as the owners of the reservoir and the persons intending to use its impounded waters were the same and they, therefore, did not need the protection which that statute intended to give in cases where the holders of primary and secondary permits were different people. And we can agree when petitioner concludes that the statute is not mandatory, but permissive only. However, there was no debatable question presented in this law suit of whether there was or was not a secondary permit granted. The decisive point was the appurtenance of the reservoir and its waters to the Edwin Ryan lands at the time they were mortgaged. The importance of the conditioning words in their relation to that point was that they identified the reservoir and its impounded waters with the same lands as those described in Permit No. 8112, the direct flow permit. In so deciding it was pointed out that the use of such impounded waters was limited to beneficial application on those described lands and none other, and it was observed that for all practical purposes this became a secondary permit for appropriation of reservoir waters. It was not said that such a secondary permit was necessary or that any substitute therefor was required.

■ The final point which we consider merits comment is that we failed to follow our rule of assuming as true the evidence of the successful party and leaving out of consideration the evidence of the opposing party. This charge seems to center around

our failure to accept Cecil Ryan's unexplained statement that the application for Permit No. 2134 was "worded wrong". Just what the testimony meant is not explained. On the other hand, the application itself was in evidence and presented no ambiguity requiring explanation. While the petition has separately set forth under eight headings the grounds relied upon in seeking rehearing, the supporting brief covers only the points here considered, and we, therefore, must assume that all other contentions have been abandoned. Under these circumstances the rule contended for has no application.

Rehearing denied.

PARKER, J., believing that the application raises questions which should be resolved only after a consideration of the views and arguments of counsel, would grant a rehearing.