2006 WY 6

Michael SPONSEL, as Personal Representative of the Estate of Michael Scott Sponsel; and Kathleen Sponsel, as Personal Representative of the Estate of Justin Mark Anderson; Appellants (Plaintiffs),

v.

PARK COUNTY, Wyoming; Board of County Commissioners, of the County of Park, State of Wyoming; and Park County Agents and Employees, Appellees (Defendants).

No. 05–109.

Supreme Court of Wyoming.

Jan. 11, 2006.

Representing Appellants: Richard A. Mincer of Hirst & Applegate, Cheyenne, Wyoming.

Representing Appellees: Tracy J. Copenhaver and Scott E. Kolpitcke of Copenhaver, Kath, Kitchen & Kolpitcke, LLC, Powell, Wyoming. Argument by Mr. Copenhaver.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

HILL, Chief Justice.

[¶ 1] Appellants, Michael Sponsel, as personal representative of the estate of Michael Scott Sponsel, and Kathleen Sponsel, as personal representative of the estate of Justin Mark Anderson (collectively "the Personal Representatives"), filed governmental claims against Appellee, Park County, and certain of its employees (collectively referred to as Park County), asserting that Park County's negligence in failing to provide adequate signage on County Road 8VC (Clark's Fork Canyon Road) contributed to the deaths of Michael Scott Sponsel and Justin Mark Anderson. The district court granted summary judgment in favor of Park County on the basis that it was immune from liability under the terms of the Wyoming Governmental Claims Act (WGCA), given the circumstances of this case.[1] We affirm.

---

1. Although other claims remain pending in this matter, the district court made an express deter- mination that there is no just reason for delay

## ISSUES

[¶ 2] The Personal Representatives pose these issues for our consideration:

Is Park County immune from claims that it breached statutory duties to regulate, warn and guide traffic in substantial compliance with the Manual on Uniform Traffic Control devices?

Does Wyoming Statute section 1–39–108 waive immunity only for those enumerated utilities despite the Legislature's use of the word "including" in that statute?

Park County rephrases the issues in these terms:

A. The [Personal Representatives] failed to provide any material facts which fit within the exceptions to immunity under the Governmental Claims Act.

B. The Wyoming Governmental Claims Act's specific grant of immunity for the maintenance and reconstruction of roads provides immunity for Park County.

## FACTS AND PROCEEDINGS

[¶ 3] This matter is on appeal from the district court's order granting summary judgment in favor of Park County on its theory that it was immune from liability because of the application of the WGCA. The facts of this case have not been adjudicated, but for purposes of summary judgment we set out all asserted facts in a light most favorable to the Personal Representatives, as required by our applicable standard of review.

[¶ 4] On May 5, 2002, Michael Scott Sponsel (Sponsel) and Justin Mark Anderson (Anderson) died in a one-car crash on Clark's Fork Canyon Road in Park County. The automobile was operated by Amanda DeBerg (DeBerg),[2] and she too died in the crash. At the time of the crash DeBerg was not of an age where she was permitted to buy or consume alcoholic beverages.

[¶ 5] Thomas P. and Mary L. Klein, who are not parties to this appeal, are the owners of a business known as the Edelweiss Bar. That business is located on the Clark's Fork

Canyon Road. Sponsel, Anderson, and DeBerg spent a part of the night of May 4, 2002, into the early morning of May 5, 2002, drinking alcoholic beverages at the Edelweiss.

[¶ 6] The exact circumstances of the crash are not known. The Personal Representatives aver that DeBerg was driving at the time of the crash, but the two persons who survived the accident indicated that Anderson was driving. What is apparent is that the five occupants of the car left the Edelweiss Bar and drove down the Clark's Fork Canyon Road. That road comes to an abrupt end as it approaches a forest recreation area. The automobile crashed through a barbed wire fence and down into a field strewn with boulders.

[¶ 7] The Personal Representatives contend that there were several negligent acts that contributed to the deaths of Sponsel and Anderson but, for purposes of this appeal, we are concerned only with the Personal Representatives' contention that proper road signage was lacking and that Park County was responsible for providing proper road signage. The specific allegations of the complaint are these:

9. Park County assumed jurisdiction of the Road on or about 27 October 1988 from the State of Wyoming. At that time, the road had a WC–3 barricade across the main roadway and shoulders with a black on yellow left turn arrow mounted on the barricade. This arrow advised of a turn onto an existing forest service trail providing access to a recreation area. There was also a black on yellow left turn arrow with a 15 MPH speed advisory mounted below the arrow located approximately 925 feet in advance of the WC–3 barricade. Upon information and belief, Park County purposely removed these signs and devices at some point after Park County assumed jurisdiction for the Road.

10. Park County had a statutory duty to provide a public service by placing appropriate signage on roadways under its jurisdiction pursuant to Wyo. Stat. §§ 31–

and an express direction for entry of judgment. W.R.C.P. 54(b).

2. DeBerg does not join in this appeal.

5-113, 31-5-112, and 31-5-108. The signage must conform to the Manual on Uniform Traffic Control Devices. One of the express purposes of this Legislative mandate is to warn traffic.

11. On 5 May 2004, the only sign in the vicinity of this accident was a "Pavement Ends" sign. A "Pavement Ends" sign does not conform to the Manual on Uniform Traffic Control Devices for this location. As such, Park County breached its statutory duty to the traveling public, including [Sponsel and Anderson] and the other vehicle occupants.[3]

## STANDARD OF REVIEW

[¶ 8] When considering a district court's order granting a motion for summary judgment, we review the district court's ruling without according any deference to the district court's decisions on issues of law. Summary judgment is not favored in negligence actions, and in such cases a more exacting scrutiny is applied. However, where a plaintiff cannot establish the existence of a duty on the part of the defendant, summary judgment is appropriate. The result in this case is controlled by the WGCA, and those statutes establish that immunity is the rule and liability is the exception. *Newberry v. Board of County Commissioners of Fremont County*, 919 P.2d 141, 144-45 (Wyo. 1996).

[¶ 9] In this case, the Personal Representatives ask us to construe a particular provision of the WGCA. The general rules applicable to the construction of statutes guide our resolution of such an issue. In interpreting statutes, our primary consideration is to determine the legislature's intent. All statutes must be construed in pari materia and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the legislature's intent. We begin by making an inquiry respecting the or-

dinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute in pari materia. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. We must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation. Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions. *Loberg v. Wyoming Workers' Safety and Compensation Division*, 2004 WY 48, ¶ 5, 88 P.3d 1045, 1048 (Wyo.2004) (citing *Board of County Commissioners of Teton County v. Crow*, 2003 WY 40, ¶¶ 40-41, 65 P.3d 720, ¶¶ 40-41 (Wyo.2003)) (internal citations omitted); see also *Union Pacific Resources Company v. Dolenc*, 2004 WY 36, ¶¶ 13, 17, 86 P.3d 1287, 1291-93 (Wyo.2004). In addition, we direct our readers' attention to *City of Cheyenne v. Huitt*, 844 P.2d 1102, 1104-5 (Wyo.1993) (wherein we construed Wyo. Stat. Ann. § 1-39-108(a)).

## DISCUSSION

[¶ 10] We begin our discussion with recognition that the signage maintained by Park County on the Clark's Fork Canyon Road was most likely inadequate and, to the extent signage was present at all, it was misleading. If the resolution of this case were to turn on the status of those facts, summary judgment would most certainly be improper because at a minimum there could be a genuine issue of material fact in this regard. However, this case is not to be decided on the question of whether or not Park County provided inadequate signage, but whether the WGCA provides the Personal Representatives with an exception to the general rule of governmental immunity so that Park County may be held liable for its inaction with respect to road signage. In other words, does the WGCA except Park County's conduct with respect to placing nec-

---

3. According to the Appellant's brief, proper signage was subsequently put in place.

essary signage on this road from the general rule of immunity.

[¶ 11] The Personal Representatives assert that the circumstances of this case are outside the general rule of immunity provided by the WGCA. Wyo. Stat. Ann § 1–39–108(a) (LexisNexis 2005) provides:

(a) A governmental entity is liable for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of **public utilities and services** *including* gas, electricity, water, solid or liquid waste collection or disposal, heating and ground transportation. [Emphasis added.]

 [¶ 12] The Personal Representatives contend that use of the word "including" greatly expands the reach of that statute. In *Teton County Sheriff's Department v. Bassett,* 8 P.3d 1079, 1083 (Wyo.2000) we recited this general rule: "The use of the word 'includes' is significant because 'includes' generally signifies an intent to enlarge a statute's application, rather than limit it, and it implies the conclusion that there are other items includable, though not specifically enumerated." That general rule certainly has vitality, but it cannot so broaden the statute at issue here, so as to make a "public service" of all things that are a "public responsibility," without regard as to whether or not they are somehow related to the more limited concept of "public utilities and services."

[¶ 13] Going somewhat deeper into that argument, the Personal Representatives rely in part on Wyo. Stat. Ann. § 31–5–112 (LexisNexis 2005), which provides:

The department [of transportation] shall adopt a manual and specifications for a uniform system of traffic-control devices consistent with this act for use upon highways within this state. The uniform system shall correlate with and so far as possible conform to the system set forth in the most recent edition of the "Manual on Uniform Traffic Control Devices for

Streets and Highways" and other standards issued or endorsed by the federal highway administrator.

[¶ 14] Wyo. Stat. Ann. § 31–5–113 (LexisNexis 2005) provides:

(a) The department [of transportation] shall place and maintain such traffic-control devices, conforming to the department's manual and specifications, upon all state highways as it deems necessary to indicate and to carry out this act or to regulate, warn or guide traffic.

(b) No local authority shall place or maintain any traffic-control device upon any highway under the jurisdiction of the highway department except with the highway department's permission.

[¶ 15] Wyo. Stat. Ann. § 31–5–108 (LexisNexis 2005) provides:

The provisions of this act shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein. Local authorities may, however, adopt by ordinance, traffic regulations for all streets within their city limits and highways under their corporate jurisdiction and shall have the express authority to enforce the traffic regulations so adopted, by action in their respective local municipal courts.

 [¶ 16] We cannot question that the Department of Transportation and Park County have been assigned the responsibility to provide proper road signage. However, construing the plain language of § 1–39–108(a) as written and in accordance with the applicable standard of review set out above, we deem that statute unambiguous insofar as the issue raised here is concerned. We conclude that the providing of traffic control devices on county highways is not a public service for which immunity has been waived by the WGCA.[4] The statutory construction rule of *ejusdem generis* instructs us that the legislature must have intended a catch-all phrase to include things similar to those specifically listed. *See Laughter v. Board of County Commissioners for Sweetwater County,* 2005 WY 54, ¶ 39, 110 P.3d 875, 886–

4. We also conclude that our decision in *Natrona County v. Blake,* 2003 WY 170, 81 P.3d 948 (Wyo.2003) has no particular application to the discussion at hand.

87 (Wyo.2005); *Union Pacific Resources Company,* ¶ 17, 86 P.3d at 1293; and *Gainsco Insurance Company v. Amoco Production Company,* 2002 WY 122, ¶ 88, 53 P.3d 1051, 1078 (Wyo.2002); see also *King v. Wyoming Division of Criminal Investigation,* 2004 WY 52, ¶ 17, 89 P.3d 341, 348 (Wyo.2004) (mentioning the related concept of *noscitur a sociis,* i.e., that general and specific words are associated with and take color from each other, restricting general words to a sense analogous to the less general. *Black's Law Dictionary,* 1087 (8th ed.2004)).

[¶ 17] Providing road signage on county highways simply is not of the same genre as the other public utilities and services specifically mentioned in § 1–39–108(a), and that statute does not create an exception to the general rule of immunity in these circumstances.

[¶ 18] Park County's arguments focus on these provisions of the WGCA. Wyo. Stat. Ann. § 1–39–104 (LexisNexis 2005) provides:

(a) **A governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as provided** by W.S. 1–39–105 through 1–39–112 and limited by W.S. 1–39–121. Any immunity in actions based on a contract entered into by a governmental entity is waived except to the extent provided by the contract if the contract was within the powers granted to the entity and was properly executed and except as provided in W.S. 1–39–121. The claims procedures of W.S. 1–39–113 apply to contractual claims against governmental entities.

(b) When liability is alleged against any public employee, if the governmental entity determines he was acting within the scope of his duty, whether or not alleged to have been committed maliciously or fraudulently, the governmental entity shall provide a defense at its expense.

(c) A governmental entity shall assume and pay a judgment entered under this act against any of its public employees, provided:

(i) The act or omission upon which the claim is based has been determined by a court or jury to be within the public employee's scope of duties;

(ii) The payment for the judgment shall not exceed the limits provided by W.S. 1–39–118; and

(iii) All appropriate appeals from the judgment have been exhausted or the time has expired when appeals may be taken.

(d) A governmental entity shall assume and pay settlements of claims under this act against its public employees in accordance with W.S. 1–39–115, 1–41–106 or 1–42–107. [Emphasis added.]

We have construed the WGCA to be a "close-ended tort claims act;" "by this we simply mean that unless the claim falls within the statutory exceptions, it will be barred." *See White v. State,* 784 P.2d 1313 (Wyo.1989); *Gibson v. State Through Department of Revenue and Taxation,* 811 P.2d 726, 728 (Wyo.1991); *Sawyer v. City of Sheridan,* 793 P.2d 476, 478 (Wyo.1990); and *Hoff v. City of Casper–Natrona County Health Department,* 2001 WY 97, ¶ 9, 33 P.3d 99, 105 (Wyo.2001).

[¶ 19] Wyo. Stat. Ann. § 1–39–120 (LexisNexis 2005) provides:

(a) The liability imposed by W.S. 1–39–106 through 1–39–112 does not include liability for damages caused by:

(i) A defect in the plan or design of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area;

(ii) The failure to construct or reconstruct any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area; or

(iii) The maintenance, including maintenance to compensate for weather conditions, of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area.

[¶ 20] Employing the same rules of statutory construction that we used above, we conclude that inadequate highway signage, if it should rise to the level of alleged negligence, constitutes a defect in the plan or design of a highway or the proper maintenance of a highway and, thus, is specifically

excepted from any waiver of immunity contained in the WGCA.[5]

## CONCLUSION

[¶ 21] The Order of the district court granting summary judgment in favor of Park County is affirmed.

---

**5.** *See generally* Am.Jur. Proof of Facts 3d 351, § 2, Hon. D. Duff McKee, *Establishing Liability of a State or Local Highway Administration, Where Injury Results from the Failure to Place or* *Maintain Adequate Highway Signs* (1995); Diane M. Allen, Annotation, *Highways: Governmental Duty to Provide Curve Warnings or Markings,* 57 A.L.R.4th 342 (1987 and Supp.2005).