2006 WY 30

**John Max STUTZMAN and Roberta Lee Stutzman, Husband and Wife, Appellants (Petitioners),**

v.

**OFFICE OF the WYOMING STATE ENGINEER, Appellee (Respondent).**

No. 05–126.

Supreme Court of Wyoming.

March 16, 2006.

Representing Appellants: S. Joseph Darrah and Christopher M. Brown of Darrah, Darrah & Brown, P.C., Powell, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; Jay A. Jerde, Deputy Attorney General; Hugh B. McFadden, Jr., Senior Assistant Attorney General; and Britt T. Long, Assistant Attorney General.

Before HILL, C.J., and KITE, VOIGT, and BURKE, JJ., and STEBNER, D.J., retired.

KITE, Justice.

[¶ 1] John Max Stutzman and Roberta Lee Stutzman (the Stutzmans) requested the Wyoming State Engineer's Office (state engineer) to file federal land patents pursuant to Wyo. Stat. Ann. § 41–3–324 (LexisNexis 2005). The state engineer denied the request, stating the land patents were not deeds for reservoir water subject to the statute and, therefore, the state engineer's office could not record them. The Stutzmans filed a petition for review in district court claiming the state engineer unlawfully withheld agency action. The district court denied the petition, holding the issue was governed by In re Big Horn River System, 2004 WY 21, 85 P.3d 981 (Wyo.2004) and the state engineer lawfully declined to record the patents. The

Stutzmans appealed the district court decision. We affirm.

## ISSUES

[¶ 2] The Stutzmans present the following issues:

1. Is filing of the offered land patents under Wyoming Statute § 41–3–324 precluded by the Court's decision in In re Big Horn River System, 85 P.3d 981 (Wyo.200[4])?

2. Whether the land patents delivered to the state engineer for filing pursuant to Wyoming Statute § 41–3–324 are deeds for reservoir water and water rights.

The state engineer states the issues as follows:

I. Did the District Court accurately conclude that agency action was not unlawfully withheld because the holding in In re Big Horn River System, 2004 WY 21, 85 P.3d 981 (Wyo.200[4]), forecloses the Stutzmans' state law water right claim?

II. As a matter of state law, do the federal land patents the Stutzmans submitted for filing as reservoir water deeds with the State Engineer's Office qualify as valid deeds?

## FACTS

[¶ 3] This case arises from the same facts as Big Horn, 2004 WY 21, ¶¶ 5–17, 85 P.3d at 984–87. To summarize, the Stutzmans own farm land located in the Garland Division of the Shoshone Reclamation Project in Park County, Wyoming and are members of the Shoshone Irrigation District. The Shoshone Reclamation Project is a federal reclamation project constructed and operated by the federal Bureau of Reclamation (BOR) pursuant to the Reclamation Act of 1902, 43 U.S.C. § 371 et seq., (as amended). Big Horn, 2004 WY 21, ¶ 6, 85 P.3d at 984. The project lies on the Shoshone River, a tributary of the Big Horn River, and includes the Buffalo Bill Dam and Reservoir. The BOR operates the reservoir, providing water for irrigation, power generation, municipal supply, recreation, and other beneficial uses. With respect specifically to irrigation, the

BOR provides reservoir water to four irrigation districts, including the Shoshone Irrigation District, under contracts with each district. The irrigation districts, in turn, supply water under terms and conditions set out in contracts to individual users like the Stutzmans.

[¶4] The rights to the waters of the Big Horn River have been the subject of extensive adjudication encompassing three separate phases. For a detailed summary of the factual and legal background of the adjudication, see *Big Horn*, 2004 WY 21, ¶5, 85 P.3d at 984 and cases cited therein. The Stutzmans' claims fall into Phase III of the adjudication, which began in 1985 and concerned all state water rights evidenced by permit or certificate. Pursuant to detailed procedures for reporting, confirming and challenging all adjudicated certificates and unadjudicated permits for state water rights within the Shoshone Reclamation Project, the Phase III adjudication was to be completed by December 31, 1988. *Big Horn*, 2004 WY 21, ¶15, 85 P.3d at 986.

[¶5] On January 4, 2001, three years after the entire adjudication was scheduled to be completed, the Stutzmans filed a petition to intervene in the Phase III adjudication. Relying in part on federal land patents that conveyed the land they now own to their predecessors, the Stutzmans claimed an individual, proportionate, state right to use water stored in Buffalo Bill Reservoir. Specifically, they claimed "implied" secondary rights by and through the reservoir permits, and ownership of a "pro-rata" or "proportionate" share of the stored reservoir water by virtue of, among other things, the federal land patents. In making this claim, they relied on the language contained in the patents' habendum clause granting, in addition to the described tract, "the right to the use of water from the Shoshone Reclamation Project as an appurtenance to the irrigable lands in said tract."

[¶6] The district court dismissed the Stutzmans' claims as untimely and on March 10, 2004, we affirmed, holding, "[t]o the extent the Stutzmans sought to enforce their rights against the United States pursuant to the federal patents and contract, the district court lacked jurisdiction." *Big Horn*, 2004 WY 21, ¶21, 85 P.3d at 988. We also held the district court "had jurisdiction to determine whether the Stutzmans had a legitimate claim of a state water right" but the Stutzmans' claim was untimely. *Big Horn*, 2004 WY 21, ¶22, 85 P.3d at 988.

[¶7] On May 14, 2004, the Stutzmans attempted to file several of the federal land patents as reservoir water deeds with the state engineer's office. On June 2, 2004, the state engineer's office returned the patents without filing them, stating "[t]he documents you provided are land patents and not deeds for reservoir water, therefore, the State Engineer's Office cannot record them under WS 41-3-324."

[¶8] The Stutzmans filed a petition for review in district court alleging that the state engineer unlawfully refused to file the land patents. The district court concluded the issue was governed by *Big Horn*, in which this Court "held that [the Stutzmans] do not have a personal state water right to appropriate water stored in the reservoir." On that basis, the district court held the state engineer did not unlawfully withhold agency action and denied the Stutzmans' petition. The Stutzmans appealed to this Court from the district court's decision.

## STANDARD OF REVIEW

[¶9] Pursuant to W.R.A.P. 12.09, our review of the issues is limited to a determination of the matters specified in Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2005). Accordingly, we "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." *Id.* We review the whole record or those parts of it cited by the parties, taking into account the rule of prejudicial error. We shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

474

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law;

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*Id.* We review an agency's conclusions of law *de novo. Wyoming Dep't of Trans. v. Haglund,* 982 P.2d 699, 700 (Wyo.1999). We review an agency's factual determinations by considering whether they are supported by substantial evidence. *DeWall v. State ex rel. Wyo. Workers' Safety and Comp. Div.,* 960 P.2d 502, 503 (Wyo.1998). Using the same evidence and same review standards as the district court, our review proceeds as though the matter came directly to us from the agency. *Griess v. Office of the Attorney General, Div. of Criminal Investigation,* 932 P.2d 734, 736 (Wyo.1997).

## DISCUSSION

[¶ 10] The Stutzmans claim the district court incorrectly concluded our decision in *Big Horn* governed the issue of whether the state engineer's office could properly file land patents under Wyo. Stat. Ann. § 41–3–324. They contend this Court ruled in *Big Horn* that the district court lacked jurisdiction over claims arising from federal patents; therefore, there was no ruling with regard to the federal patents and the issue is not *res judicata.* The state engineer contends the district court correctly ruled *Big Horn* controls the issue because that decision determined the Stutzmans did not have a legitimate claim to a state water right based upon the federal land patents. Therefore, the state engineer argues, the issue is *res judicata.*

[¶ 11] Our holding in *Big Horn* as it pertains to this appeal was two-fold. First, we held the district court lacked jurisdiction over the Stutzmans' claim that they had the right to use water stored in the Buffalo Bill Reservoir to the extent they asserted it

against the United States pursuant to federal patents and contracts. With respect to that aspect of their claim, we said the McCarran Amendment gave only limited consent to the exercise of state court jurisdiction over the United States, consent which did not extend to claims against the federal government for enforcement of federal contracts. Second, we held that although the district court had jurisdiction to determine whether the Stutzmans had a legitimate claim under state law to use water stored in the reservoir, it properly dismissed the claim because the Stutzmans failed to timely assert it. We expressly limited our holding to the timeliness issue and did not address the merits of the Stutzmans' claim to an implied secondary right to use water stored in the reservoir.

[¶ 12] Neither of these holdings (that the district court lacked jurisdiction in the first instance and the Stutzmans' claims were untimely in the second instance) directly addressed the issue now before us: in essence, whether the state engineer was required to file the federal patents as "deeds for reservoir water" pursuant to Wyo. Stat. Ann. § 41–3–324 and unlawfully withheld agency action by declining to do so. This is an issue of first impression in Wyoming. We begin our analysis by looking at the pertinent statutory language.

§ 41–3–324. Deeds and leases for water rights; execution and recording.

All deeds for reservoir water and water rights and all leases of the same for periods of three (3) years or more shall be executed and acknowledged as deeds are executed, and shall be recorded in the office of the county clerk of the county in which the reservoir is situated and also filed in the office of the state engineer.

[¶ 13] The Stutzmans argue the federal land patents are the legal equivalent of "deeds for reservoir water and water rights" because they conveyed the land together with "the right to use the water from the [reservoir] as an appurtenance to the irrigable lands." The state engineer argues the land patents the Stutzmans submitted for filing do not qualify as valid deeds because they do not adequately describe the water

right conveyed. The state engineer also argues that because the Stutzmans failed to timely assert their alleged rights during *Big Horn,* they have no valid water right and requiring the state engineer to file the patents as if they did have a valid right would lead to absurd results.

[¶ 14] In interpreting and construing statutory language, our primary purpose is to determine the legislature's intent. *Merrill v. Jansma,* 2004 WY 26, ¶ 28, 86 P.3d 270, 284–85 (Wyo.2004). Where the language is clear, we look to its ordinary and obvious meaning, are bound to the results so expressed and do not resort to rules of construction. *Id.* A statute is unambiguous if its wording is such that reasonable persons are able to agree concerning its meaning with consistency and predictability. *Id.*

[¶ 15] When the language is not clear or is ambiguous, we look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conclusions of law, and other prior and contemporaneous facts and circumstances. These are the accepted rules of construction to ascertain a legislative intent that is reasonable and consistent. *Id.* A statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations. *Id.* Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court. *Id.*

[¶ 16] We will not insert language into a statute that the legislature omitted. *K.P. v. State,* 2004 WY 165, ¶ 22, 102 P.3d 217, 224 (Wyo.2004). A basic tenet of statutory construction is that omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them. *Id.* At the same time, however, we will not interpret a statute in a way that renders any portion meaningless or in a manner producing absurd results. *Id.*

[¶ 17] Wyo. Stat. Ann. § 41–3–324 clearly and unambiguously provides that all deeds for reservoir water and water rights *shall* be filed in the office of the state engineer. Where the legislature uses the word "shall," this Court accepts the provision

as mandatory and has no right to make the law contrary to what the legislature prescribed. *Merrill,* 2004 WY 26, ¶ 42, 86 P.3d at 288. Pursuant to the clear language of Wyo. Stat. Ann. § 41–3–324, therefore, "deeds for reservoir water and water rights" must be filed in the state engineer's office. The provision expressly does not make filing discretionary. Assuming the federal land patents constitute "deeds for reservoir water and water rights" within the meaning of Wyo. Stat. Ann. § 41–3–324, the provision would seem to require the Stutzmans to file them with the state engineer.

[¶ 18] The phrase "deeds for reservoir water and water rights" is not expressly defined in the Wyoming Statutes. However, giving the words their plain and ordinary meaning, federal land patents conveying land together with "the right to use the water from the [reservoir] as an appurtenance to the irrigable lands," would seem to fall within the meaning of the phrase. A deed is "a written instrument, signed and delivered, by which one person conveys land, tenements, or hereditaments to another." Black's Law Dictionary 414 (6th ed.). The federal land patents are written instruments by which the federal government conveyed land to the Stutzmans' predecessors in interest together with the right to use water from the reservoir. We hold they fall within the meaning of Wyo. Stat. Ann. § 41–3–324 and are, therefore, subject to the filing requirement.

[¶ 19] The state engineer argues, however, this is not a correct result because it would require his office to treat the patents as though they conveyed valid rights to reservoir water when in fact they do not under Wyoming law because the Stutzmans failed to timely assert their claim during the Big Horn River Adjudication. The state engineer asserts a determination by this Court that Wyo. Stat. Ann. § 41–3–324 required these patents to be filed in his office would lead to an absurd result, an outcome this Court has expressly rejected in cases requiring a determination of legislative intent. We agree. Given our holding in *Big Horn* that the Stutzmans were time barred from asserting any claim to state water rights they may have had under the federal land patents, it would be absurd for this Court to require the state engineer to file the patents.

[¶ 20] In two prior cases, this Court considered the purpose of the filing requirement contained in Wyo. Stat. Ann. § 41–3–324. In *Sturgeon v. Brooks,* 73 Wyo. 436, 281 P.2d 675, 681 (1955), we considered Wyo. Stat. Ann. § 41–3–324 [1] together with § 41–3–322, [2] and concluded the provisions were enacted for the benefit of the water commissioner so that he would know the parties to whom reservoir water was to be distributed. A few years later, in *Condict v. Ryan,* 79 Wyo. 211, 335 P.2d 792, 793 (1959), we said the purpose of the statute was to provide "notice to all the world, including those whose interest in the subject matter of the instrument would be adversely affected." Given that the purpose of the provision is to provide notice of claims to water rights, it would be illogical to require such notice in cases where a claim has been adjudicated and a determination has been made that no valid claim exists under Wyoming law. Those are the circumstances that existed here, and the state engineer's office did not unlawfully withhold administrative action when it declined to file the patents.

[¶ 21] Affirmed.

**1.** At the time *Sturgeon* was decided, the statute was codified as 71–615, W.C.S.1945.

**2.** The statute was then codified as 71–614, W.C.S.1945. It provides that reservoir owners shall annually deliver to the water commissioner a list of the parties who are entitled to water from a reservoir.