2007 WY 39

**Mark D. JENKINS, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPEN-SATION DIVISION, Appellee (Respondent).**

No. 06–145.

Supreme Court of Wyoming.

March 9, 2007.

Representing Appellant: Michael Schilling of Schilling & Winn, P.C., Laramie, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; and Kristi M. Radosevich, Assistant Attorney General. Argument by Ms. Radosevich.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Mark D. Jenkins (Jenkins) is a professional writer who writes articles for *Outside* magazine on an independent contractor basis. For tax purposes, Jenkins formed a subsection C corporation, Mark D. Jenkins, Inc., with himself and his wife as the sole officers and employees. The corporation obtained workers' compensation coverage for Jenkins. After an injury suffered while rock climbing during a staff retreat in New Mexico, Jenkins was awarded worker's compensation benefits after a contested case hearing. The district court reversed the award concluding that the Wyoming Workers' Compensation Act (the Act) did not permit coverage for corporate officers when there were no non-corporate officer employees. Jenkins appeals that decision. We will affirm.

## ISSUES

[¶ 2] Jenkins states the issue before us as:

> Did the hearing examiner properly apply the law in concluding Appellant was a covered employee under the Wyoming Workers' Compensation Act?

The Wyoming Workers Safety and Compensation Division (the Division) responds:

> Whether the Office of Administrative Hearings committed an error of law when it determined a corporate officer is covered under the Wyoming Workers' Compensation Act when there are no non-corporate officers employed by the corporation?

## FACTS

[¶ 3] The facts are not in dispute. Jenkins is a professional writer who works as an independent contractor for *Outside* magazine. On the advice of his tax preparer, Jenkins formed a regular Subsection C corporation. Jenkins and his wife were listed as the corporate officers and were the only employees of Mark D. Jenkins, Inc. Jenkins sought workers' compensation coverage filing the Joint Employer Registration form with the Wyoming Department of Employment. On November 7, 2002, the Department of Employment notified Jenkins that his request for workers' compensation coverage for himself as a corporate officer of the corporation was approved.

[¶ 4] On October 8, 2004, Jenkins suffered a severe wrist injury while rock climbing during a retreat for staff and writers of *Outside* magazine in New Mexico. Jenkins filed a Report of Injury with the Division. On November 18, 2004, the Division issued a Final Determination denying benefits: Finding that the injury was not within the scope of Jenkins' employment as a writer; Wyoming did not have jurisdiction because the accident occurred in New Mexico; and an injury sustained in the course of recreational or social events was outside the scope of the definition of injury when an employee was not required to attend the event. Jenkins objected to the Final Determination and requested a hearing. In its disclosure state-

ment, the Division added that there was a question under the Act whether corporate officers could obtain workers' compensation coverage when there were no non-corporate officer employees in the corporation. After a contested case hearing, the hearing examiner granted Jenkins benefits. With respect to the issue of corporate officer coverage, the examiner concluded that "[a]lthough the corporation has two employees, Jenkins and his wife, the fact that Jenkins is a corporate officer and only employee electing coverage does not defeat benefits in this case. There are no provisions under the Act that exclude coverage in this case."

[¶ 5] The Division filed a petition for review in the district court, which reversed the award of benefits. The court concluded that under the plain language of Wyo. Stat. Ann. §§ 27–14–102(a)(vii) and 27–14–108(k) (LexisNexis 2005) that a corporate officer may be covered under the Act only if the corporation employs a covered individual other than a corporate officer. Since Jenkins' corporation had only two employees, Jenkins and his wife, and both were corporate officers, the court held that Jenkins was not entitled to benefits. Jenkins has appealed that ruling to this Court.

## STANDARD OF REVIEW

[¶ 6] Judicial review of agency action is governed by Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2005):

To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

The determinative issue here is a question of law concerning the construction of several statutory provisions of the Act.

In interpreting statutes, our primary consideration is to determine the legislature's intent. All statutes must be construed in pari materia and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute in pari materia. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. We must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation. Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions.

*Muller v. Jackson Hole Mountain Resort,* 2006 WY 100, ¶ 9, 139 P.3d 1162, 1166 (Wyo. 2006) (quoting *Sponsel v. Park County,* 2006 WY 6, ¶ 9, 126 P.3d 105, 108 (Wyo.2006)).

## DISCUSSION

[¶ 7] Resolution of this appeal turns on the construction of the following provisions of the Act:

> "Employee" means any person engaged in any extrahazardous employment under any appointment, contract of hire or apprenticeship, express or implied, oral or written, and includes legally employed minors, aliens authorized to work by the United States department of justice, office of citizenship and immigration services, and aliens whom the employer reasonably believes, at the date of hire and the date of injury based upon documentation in the employer's possession, to be authorized to work by the United States department of justice, office of citizenship and immigration services. **"Employee" does not include:**
>
> . . . .
>
> (C) **An officer of a corporation unless coverage is elected pursuant to W.S. 27–14–108(k).**

Wyo. Stat. Ann. § 27–14–102(a)(vii)(C) (LexisNexis 2005) (emphasis added).

> **Any corporation or limited liability company employing individuals covered pursuant to subsections (a) or (j)[1] of this section** may elect to obtain coverage under this act for its corporate officers or limited liability company members by electing to cover any or all of its officers or members and notifying the division in writing of its election upon initial registration with the division, or thirty (30) days prior to the beginning of a calendar quarter. Notwithstanding subsection (j) of this section, an employer shall not withdraw coverage at any time during the subsequent eight (8) calendar quarters. Application for termination of coverage under this subsection shall be filed in writing with the division not less than thirty (30) days before any calendar quarter following the initial eight (8) calendar quarters of coverage.

Wyo. Stat. Ann. § 27–14–108(k) (LexisNexis 2005) (emphasis added).

[¶ 8] Jenkins' argument for coverage under the Act is based upon a "dual capacity" theory where coverage for corporate officers is provided for under the previously cited provisions if the corporation had elected coverage and the corporate officer suffered a work-related injury while acting in the capacity of an employee. The Division argues, and the district court held, that the coverage is available for corporate officers under the provisions of the Act only if the corporation employs individuals covered under subsections (a) or (j) of § 27–14–108 other than a corporate officer and the corporation elected coverage for its officers. We agree with the Division and district court's analysis.

[¶ 9] The Act makes it clear that a corporation or limited liability company must be "employing" individuals who are "covered" under subsections (a) or (j) of § 27–14–108. The plain language of the statute clearly sets forth a requirement that a corporation or limited liability company employ individuals as employees, other than the corporate officers, before coverage for corporate officers may be elected. If the intent had been to allow coverage when there were no noncorporate officer employees, then the Act would have simply stated that any corporation or limited liability company could elect to obtain coverage for its corporate officers. There would have been no need for the phrase "employing individuals pursuant to subsections (a) or (j)". We will not read a statute so as to render any part of it superfluous or without effect.

[¶ 10] This interpretation of the statute is consistent with other provisions of the Act. The definition of "employee" specifically excludes sole proprietors, partners of a business partnership and spouses or dependants of employers living in the same household. Wyo. Stat. Ann. § 27–14–102(a)(vii). This evidences a legislative intent contrary to Jenkins' "dual capacity" theory.

[¶ 11] Jenkins' corporation has two corporate officers and no other employees. Without any employees covered under subsections (a) or (j) of § 27–14–108, worker's compensation benefits are not available for the corpo-

---

1. Wyo. Stat. Ann. § 27–14–108(a) concerns extrahazardous employment while Wyo. Stat. Ann. § 27–14–108(j) concerns non-extrahazardous employment.

rate officers of Mark D. Jenkins, Inc. Accordingly, the district court's order reversing the hearing examiner's award of benefits is affirmed.[2]

KITE, J., files a dissenting opinion.

KITE, J., dissenting.

[¶ 12] I disagree with the majority's reading of the applicable statutes and would affirm the conclusion of the Office of Administrative Hearings that Mr. Jenkins was covered by worker's compensation insurance because he was an officer of a corporation that had elected worker's compensation coverage for its officers as it was entitled to do pursuant to the plain language of the statute. Wyo. Stat. Ann. § 27–14–108(k) (LexisNexis 2005) provides, "Any corporation or limited liability company *employing individuals covered pursuant to subsections (a) or (j) of this section* may elect to obtain coverage under this act for its corporate officers ...." (emphasis added). It is undisputed the corporation employs Mr. Jenkins. So the only question becomes whether he was an individual "covered pursuant to subsections (a) or (j)...." He is not covered by subsection (a); however, he is covered by subsection (j) because he is an employee whose employer has elected coverage under the act and made payments as required. Subsection (k) does not say that the company must employ individuals *who are not corporate officers* before it can make the statutory election for coverage of its officers. We do not read into statutes language which the legislature did not include. *Stutzman v. Office of Wyoming State Eng'r*, 2006 WY 30, ¶ 16, 130 P.3d 470, 475 (Wyo.2006); *KP v. State*, 2004 WY 165, ¶ 22, 102 P.3d 217, 224 (Wyo.2004).

[¶ 13] I would reverse the district court's decision and remand the matter for consideration of the second issue raised by the division, i.e. whether Mr. Jenkin's injury was work-related.

2. An additional argument related to Jenkins' status as an independent contractor and its effect on his eligibility for coverage was also briefed by the parties. We need not address that issue given our ruling that Jenkins was not covered under the Act as a corporate officer.